. [Hoffman's Appeal.]

# Hoffman's Appeal.

*Liens, prior to Fraudulent Conveyance, not divested by Sheriff's Sale under a subsequent Lien.— What Estate passes by such Sale.—Proceeds of Sale distributed among all subsequent Creditors.*

1. Where the owner of land encumbered with liens makes a conveyance fraudulent against creditors, and the land is sold by the sheriff under a judgment subsequently obtained, the liens existing before the conveyance remain, and are therefore not payable out of the proceeds of the sale.

2. The estate of the debtor is what is sold under the execution; and those liens only which attached after the fraudulent grant, are payable, in their order, out of the proceeds.

APPEAL from the Common Pleas of *Indiana county.*

This was an appeal by Conrad Hoffman, administrator, &c., of William A. Todd, from the decree of the court distributing the proceeds of the sheriff's sale of the real estate of William Crawford.

The first lien on the land of Crawford, out of which the money in court arose, was in favour of J. & R. McElhose, for $129.29, and was entered September 28th 1858.

On the 29th of December 1858, Crawford sold and conveyed the land to David Barclay.

On the 6th of January 1859, William A. Todd recovered judgment against Crawford for $44.56, and on the 8th of January 1859, Letitia Crawford, under a proceeding for divorce and alimony, recovered a judgment against him for $75 for part maintenance, and $50 annual alimony, with $39.25 costs, under which last-mentioned judgment the property was sold, and the proceeds brought into court for distribution.

The property was purchased by Henry Crawford, who, averring that the sale to Barclay had been made to defraud the creditors of William Crawford, brought ejectment against Barclay, and on the 26th of March 1862 recovered judgment upon the ground that the sale to him was fraudulent and void.

The auditor appointed to distribute the fund in court applied a portion of it to the payment of William A. Todd's judgment, and appropriated the balance to the judgment of Letitia Crawford.

On the 27th of September 1862, the court below set aside so much of the report as distributed any portion of the fund to the judgment of William A. Todd, and directed that the whole fund

.[Hoffman's Appeal.]

(less the costs) be paid to Mrs. Crawford; which was the error assigned by the appellant, to whom, on the death of Mr. Todd, letters of administration had been granted.

*Stewart* and *Clarke*, for appellant, cited and relied on Byrod's Appeal, 7 Casey 241, and Fisher's Appeal, 9 Id. 294.

*Th. & H. White* cited and relied on Jackson *v.* Summerville, 1 Harris 389; Miller's Appeal, 6 Casey 492; Byrod's Appeal, 7 Id. 241, and Fisher's Appeal, 9 Id. 294; Shulze's Appeal, 1 Barr 251; Tomb's Appeal, 9 Id. 61.

The opinion of the court was delivered, November 13th 1862, by STRONG, J.—In Byrod's Appeal, 7 Casey 241, and in Fisher's Appeal, 9 Id. 294, it was asserted that where the owner of land encumbered with liens makes a conveyance which is fraudulent as against creditors, a sheriff's sale, under a judgment subsequently obtained against him, does not disturb the liens existing before the conveyance, and that they are not to be discharged out of the proceeds of the sale. What, then, is sold in such a case? Not the whole estate of the debtor, disencumbered of the earlier liens, for the land may be sold again as his by executions founded on those liens. In the cases cited, it is said the purchaser at the sheriff's sale, under a judgment obtained against a grantor after a fraudulent conveyance, obtains the right which the defrauded creditors had, to contest or avoid the conveyance. The purchase-money is therefore the price of those rights, and, as they belonged to all the creditors who held judgments subsequent to the fraudulent deed, it would seem that a junior judgment-creditor cannot appropriate the whole price to the payment of his judgment, on the ground that he was the instrument to effect a sale. Byrod's and Fisher's Appeals were ruled as they were to save the liens of judgments from being destroyed by the fraud of a debtor, without payment of the debts, so far as the price of the lands upon which they were liens extends. To prevent the mischief of a divestiture of the liens by a sale under which the debtor's deed had rendered it uncertain whether the purchaser would obtain any title, it was thought necessary to declare that the purchaser holds, subject to liens prior to the conveyance. Still it is the estate of the debtor, whatever that may be, which is sold at the sheriff's sale, and therefore the liens upon it which attached after the fraudulent grant must be paid in their order. It follows that the court erred in postponing the appellant's judgment. *Vide* Beekman's Appeal, 2 Wright 388.

> The decree of the Court of Common Pleas is reversed, the report of the auditor is confirmed, and the record is remitted, costs to be paid by the appellee.