# Jacoby's Appeal.

1. Wunder made a fraudulent conveyance of land to his wife, after which two judgments were recovered against him and the land conveyed sold under the last judgment. *Held,* that the proceeds were payable to the first judgment.

2. As to subsequent creditors the conveyance to the wife was no conveyance, the land was bound by the first lien, and the fact that the money was made by an execution on the second lien gave that lien no preference.

February 6th 1871. Before Thompson, C. J., Agnew, Sharswood and Williams, JJ. Read, J., at Nisi Prius.

Appeal from the District Court of *Philadelphia*: No. 183, to July Term 1870.

This appeal arose on the distribution of the proceeds of the sheriff's sale of the real estate of Sylvester Wunder, under a venditioni exponas issued against him to June Term 1869, of the District Court of Philadelphia, at the suit of Frederick F. Jacoby. The amount for distribution was $728.58. J. D. Meredith, Esq., was appointed auditor to report distribution.

[Jacoby's Appeal.]

It appeared before the auditor that on the 20th of September 1866, Wunder, the defendant, conveyed the premises from which the fund arose, to one Chatburn, and on the 21st of the same month Chatburn conveyed the same premises to Mary E. Wunder, the wife of the defendant in the execution; both deeds were recorded October 5th. On the 13th of October 1866, Samuel A. Wertz recovered a judgment against Wunder for $614.90, on which $150 were afterwards paid. On the 15th of March 1869, the judgment on which the execution issued was recovered in the District Court. The amount of the judgment did not appear.

The auditor reported:—

\* \* \* " Upon this state of facts, counsel argued as follows: That judgments are not liens upon real estate when the defendant has no interest therein; that after the transfer to his wife, Wunder had no interest in the premises transferred, and that consequently the judgments against him, *all having been entered subsequently* to said transfer, did not become liens upon said premises. From this, it is said to follow, since only claims which are liens upon property sold by the sheriff, are payable out of the proceeds of the sale, that the judgments against Wunder are not payable out of the fund in court, and thus there being no claims upon said fund, it is to be absorbed by the execution raising it.

" This position is not sustainable.

" The conveyance to the wife probably smacks too strongly of fraud to be upheld, being made without consideration, and when Wunder was in debt; it was recorded two weeks after its date, but in this interval, two suits, both successful, were begun against Wunder.

" A deed fraudulent against creditors passes nothing as to them; the estate, as to them, remains in the grantor, and, of course, judgments obtained against him, are liens upon it." \* \* \*

The auditor awarded the fund to the Wertz judgment, which, with interest, exceeded the fund after deducting costs and expenses.

Jacoby (to the use of Reuben Brown) excepted to the report. It was confirmed, and Jacoby appealed to the Supreme Court, assigning the decree of confirmation for error.

*W. A. Husband*, for appellant, cited Beekman's Appeal, 2 Wright 388; Fisher's Appeal, 9 Casey 295.

*J. A. Bonham* and *J. G. Brinklé*, for appellee, cited Hoffman's Appeal, 8 Wright 96; Byrod's Appeal, 7 Casey 241.

The opinion of the court was delivered, May 8th 1871, by

THOMPSON, C. J.—Both the claimants of the fund in court involved in this appeal, obtained their judgments after the conveyance of the property by Wunder to his wife. The money was

[Jacoby's Appeal.]

made on the judgment of the appellee for use, and it is now claimed that as the title was out of Wunder when the judgments of the claimants were obtained, that neither had any lien on the property sold, and therefore the execution on which the money was made was entitled to it in preference to the prior judgment. The auditor found that the conveyance was without consideration and while the grantor was indebted. This established fraud in law, at least as against subsequent creditors. As to them it was no conveyance. In Hoffman's Appeal, 8 Wright 95, Strong, J., speaking of a case like this, said: "Still it is the estate of the debtor which was sold at the sheriff's sale, and therefore the liens upon it which attached after the fraudulent grant, must be paid in their order." This authority settles this case, and sustains the distribution by the auditor and decree of the court to the first lien.

Decree affirmed, and appeal dismissed at the cost of the appellant.