# Foulke *versus* Millard.

1. A sheriff's sale of land discharges the lien of arrears of ground rent due thereout at the time of the sale. Hence, a subsequent sheriff's sale of the land, under a judgment afterwards recovered against the covenantor for the same arrears, passes no title.

2. The owner of a ground rent brought an action of covenant sur ground rent deed against the original covenantor, for arrears of ground rent, and recovered judgment. Pending said action, before judgment, the land was sold at sheriff's sale, to A., under proceedings on a mortgage, which had been given by a terre tenant of the land subject to the ground rent. Subsequently the land was again sold at sheriff's sale under the said judgment for arrears of ground rent, and was purchased by B., who brought ejectment against A.

*Held,* that the court properly directed a verdict for defendant.

[Foulke v. Millard.]

3. The Act of May 25th, 1878, relating to the recording of deeds in the city of Philadelphia, does not apply to sheriff's deeds.

January 5th, 1885.    Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.    CLARK, J., absent.

ERROR to the court of Common Pleas No. 4, of *Philadelphia county*:   Of January Term, 1884, No. 196.

Ejectment, by J. Roberts Foulke against William Millard, for a lot of ground in the city of Philadelphia.   Plea, the general issue.

On the trial, before ELCOCK, J., both parties deduced title from the following ground rent deed :

1863, October 26th.   Deed.   Curtis Clayton to Patrick Neville and his heirs, for the lot in question, reserving thereout a yearly ground rent of $32.

The plaintiff claimed title under a sheriff's sale of the lot, under a judgment recovered in an action of covenant on said ground rent deed, begun April 20th, 1880, by said Curtis Clayton against said Patrick Neville, for arrears of said yearly ground rent, wherein judgment was duly entered, November 22d, 1880, for want of an appearance, upon two returns of "nihil habet," and posting and publication, sec. reg.   The sheriff's sale under this judgment was had January 3d, 1881, and sheriff's deed acknowledged January 15th, 1881, and recorded, on the day of the trial, in the office of Recorder of Deeds, to the purchaser, one Coggins, who the same day (January 15th, 1881,) conveyed the lot to the plaintiff.

The defendant claimed title under a sheriff's sale, had May 3d, 1880, under a judgment on a mortgage, as shown in the following abstract of his title :

1863, October 26th.   Ground rent deed.   Curtis Clayton to Patrick Neville, reserving ground rent $32.

1866.   Deed.   Patrick Neville to James Duffy.

1869, April 22d.   Deed.   James Duffy to Catharine M. Martin.

1869, April 22d.   Mortgage. William H. Martin and Catharine M., his wife, to Michael F. Martin, for $2,000, subject to said ground rent.

Record.   C. P. No. 2.   Sci. fa. sur mortgage.   Michael F. Martin, to use of William Millard, assignee, v. William H. Martin and Catharine M., his wife.   April 20th, 1880, judgment entered, on verdict for plaintiff, and execution issued thereon.

1880, May 3d.   Sheriff's sale to William Millard, for $500.

1880, December 11th.   Sheriff's deed to William Millard, defendant in this ejectment.

[Foulke *v.* Millard.]

The purchase money at this sheriff's sale was distributed, by an Auditor, to said William Millard as use plaintiff in the execution.

Plaintiff objected to the admission of the foregoing testimony on behalf of the defendant, on the grounds (1) That defendant's title was subsequent to that of plaintiff, and was divested by the sheriff's sale under the judgment for arrears of ground rent. (2) Because the said sheriff's deed to defendant was not recorded in the office of Recorder of Deeds. Objection overruled. Exception.

The court directed the jury, upon the above evidence, to find a verdict for the defendant. Verdict accordingly, and judgment thereon. The plaintiff moved for a new trial, which was refused in the following opinion by ELCOCK, J.:

On the trial a point was raised by plaintiff's counsel by an objection to the admission in evidence of the sheriff's deed to the defendant, under which he claimed title, because the same was not recorded in the office of the Recorder of Deeds of this county, contending that it was necessary under the Act of Assembly of May 25th, 1878 (P. L. 151), which is as follows:

"Be it enacted, &c., That all deeds, conveyances, and other instruments of writing, wherein it shall be the intention of the parties executing the same, to grant, bargain, sell and convey any lands, tenements, hereditaments, situate, lying and being in any city of the first class in this Commonwealth, upon being acknowledged by the parties executing the same in the manner now provided by the laws of this Commonwealth, shall be recorded in the office for recording of deeds in the county where such lands, tenements and hereditaments are situate, lying and being; and every such deed, conveyance or other instrument of writing, which shall not be acknowledged, proved and recorded as aforesaid, shall be adjudged fraudulent and void against any subsequent bona fide purchaser or mortgagee, unless such deed, conveyance or instrument of writing shall be recorded as aforesaid, before the recording of the deed or conveyance under which such subsequent purchaser or mortgagee shall claim."

It would be hard to discover any reason or necessity for the passage of such an Act, so local and unsettling in its consequences, if it were read literally. But, inasmuch as its language, with reference to the instruments to be recorded, is similar to that of the recording Act of March 18th, 1775, Brightly's Purdon 472, § 76, its interpretation and extent is easily discovered. Both Acts use the words " all deeds," &c. Under the same language, " all deeds," the Supreme Court, since the case of Shrider *v.* Nargan, 1 Dall. 68, have held that

[Foulke v. Millard.]

sheriffs' deeds are not required to be recorded in the office of the Recorder of Deeds. In Naglee v. Albright, 4 Wharton 291, it was held that the acknowledgment of a sheriff's deed in open court, and the registering of it in the Prothonotary's office, are equivalent to recording it in the office of the Recorder of Deeds, in respect to notice to a subsequent pur-, chaser from the defendant in the execution. Justice SER-GEANT, in his opinion, remarking that the distinction in the recording of sheriffs' deeds and other deeds has existed in Pennsylvania ever since the passage of the Act of 1705, relative to executions, and the Act of 1715 establishing a Recorder's office, and sheriffs' deeds have, it is believed, been rarely recorded in the latter.

In Seechrist v. Baskin, 7 W. & S. 404, where a sheriff's deed had been recorded in the Recorder's office, a certified copy of such record was not admitted in evidence. Chief Justice GIBSON, in the opinion, saying that the authentication prescribed for its acknowledgment before the courts, and not before the magistrate, shows that it was not within the provision of the recording laws.

After this decision it required the enabling Act of 14th March, 1846, to record such instruments, but such Act did not compel such a recording, but it was simply enacted that the certified copies of such an instrument might be read in evidence. We do not understand that it has ever become a custom to record sheriffs' deeds in the Recorder of Deeds office in any part of this state, and to hold that such was necessary, as contended for by plaintiff's counsel, would be to divest titles and unsettle estates to an enormous and uncertain extent. In the administration of the law such wreck and ruin cannot be contemplated unless the legislature by an express enactment so decrees. Within the view of the law as it existed prior to 1878, if it was so intended by the law making power, language directly applicable to the special subjects, and admitting of no doubt, could have been used to effect the object contended for. It has not been so enacted, and we see no reason to deduce a ruinous inference from language which, although plain in itself, has already had a judicial interpretation which has been unquestioned for so long a period. Finding no error in the trial, the rule for a new trial is discharged.

ARNOLD, J. I concur in the opinion just read, and would add that there is no Act of Assembly which directs that a sheriff's deed shall be recorded at length in the Prothonotary's office, nor is there any statute which makes a certified copy of the record of a sheriff's deed which has been recorded in the Prothonotary's office since 1846 as good evidence as the origi-

nal deed apart from the rest of the record. That part of the
Act of March 14th, 1846, which makes certified copies of
sheriffs' deeds recorded in the Prothonotary's office evidence,
applies only to those deeds which had been recorded in the
Prothonotary's office before the passage of that Act. If pur-
chasers at sheriffs' sales wish to get the benefit of that part
of the recording Acts which makes certified copies of their
deeds evidence in the absence of the original, they should
record them in the office of the Recorder of Deeds and not
in the Prothonotary's office. The better practice would be to
have a short minute of the deed made in the Prothonotary's
office, as was formerly the practice, and to record it at length
in the office of the Recorder of Deeds.

The plaintiff took this writ of error, assigning for error the
overruling of his objections to the defendant's evidence, and
the direction to find for defendant.

*Henry C. Thompson,* for plaintiff in error.—The defendant
was permitted to prove, in effect, that the debt, on which the
judgment was recovered under which plaintiff claims title,
was paid prior to judgment. That was *res adjudicata*, and the
evidence was not admissible in this collateral proceeding to
affect the title of a stranger: Somers *v.* Alexander, 3 Yeates
268; Lewis *v.* Nenzel, 38 Pa. St. 222. Plaintiff was not
affected with notice of matters outside the record of his title.
He bought at sheriff's sale, under a judgment for arrears of
ground rent, the lien of which arrears and judgment therefor
related back to the date of the ground rent deed, and was
paramount to any subsequently created estate or incumbrance.
The mortgage, under which defendant claims, being subse-
quent in lien, the sheriff's vendee thereunder cannot, in this
collateral proceeding, contest the validity of the judgment for
arrears. The terre tenant had notice, in the line of his title,
of the paramount ground rent; he also had legal notice of
the action for arrears of ground rent, by advertisement and
posting of the alias summons covenant, under the provisions
of the Act of April 8th, 1840 (P. L. 249), and if he did not
come in and defend, he and all claiming under him are now
estopped. The defendant, whose property has been sold in
execution, and who has received the proceeds of sale, cannot
dispute the purchaser's title. We further submit that the
defendant's sheriff's deed is invalid, as against plaintiff's sher-
iff's deed, because the former is not recorded in the office of
Recorder of Deeds. We contend such is the effect of the Act
of May 25th, 1878 (P. L. 151). Prior to the Act of 1846
there was no law authorizing sheriffs' deeds to be recorded,
and if recorded, either in the Prothonotary's office or the Re-

corder's office, an exemplification of the record was not admissible in evidence: Seechrist *v.* Baskin, 7 W. & S. 404. The Act of 1846 was permissive only. But in the Act of 1878, the legislature, as we contend, recognized and enforced the necessity of having *all* deeds recorded in one office.

*Thomas Greenbank,* for the defendant in error.—Arrears of ground rent due at the time of a sheriff's sale of the lot out of which the ground rent issues, are discharged by such sheriff's sale, and payable out of the proceeds. The lien is then gone, the land is discharged, and nothing remains to give jurisdiction for a subsequent judicial sale of the land for those same arrears : Mather *v.* McMichael, 1 Harris 301. The defendant, Millard, being terre tenant and not a party to the suit against the covenantor for the arrears of ground rent, was entitled in this ejectment to make any defence that would have availed him in the original suit had he been a party to it : Delaney *v.* Gault, 6 Casey 63. A purchaser at sheriff's sale is affected with notice of prior sheriff's sales, but is not concerned with subsequent sheriff's sales founded upon extinct liens which had been discharged by prior sheriff's sales. The objection that defendant's sheriff's deed, though prior in time, is postponed to the plaintiff's because not recorded in the Recorder's office, is groundless. The Act of 1878 merely re-enacted (as to Philadelphia) the old Act of 1775, omitting the proviso allowing six months within which to record deeds. It had no effect on the law as it was before, in relation to sheriffs' deeds.

Mr. Justice TRUNKEY delivered the opinion of the court, March 16th, 1885.

Arrears of ground rent, a lien on the land charged, upon a judicial sale of the land, are to be paid out of the proceeds. The owner of the ground rent cannot elect to refuse the money and continue the lien. When the sheriff makes the sale, he is bound to appropriate the fund in discharge of the liens in the order of priority, or pay the money into court : Mather *v.* McMichael, 13 Pa. St. 301. A private sale of the land will not divest liens, and the owner of the ground rent in some circumstances may prosecute proceedings for collection without actual notice to the subsequent grantee. The latter purchases with knowledge of the charge, and often must protect himself : Charnley *v.* Hansbury, Id. 16. A sheriff's sale divests the lien of the rent—no lien is divested by a private sale.

On April 22d, 1880, Clayton sued Neville for the arrears, and the summons was returned, " Nihil habet." In Septem-

ber following an alias summons was issued, which was executed by posting and advertising, and on November 22d, 1880, judgment was entered for want of appearance. After the beginning of the suit and before the entry of judgment, the land was sold by the sheriff, who paid the proceeds into court. The lien of the arrears was divested by that sale. If a sheriff's sale of land, subject to the lien of a judgment, be made pending a scire facias for its revival, the lien of the judgment is discharged, and it is no consequence to the purchaser whether judgment be subsequently entered against the defendant reviving the judgment for its full amount. So, when the land was sold by the sheriff to Millard, the lien for the arrears of ground rent, the foundation of the action in covenant, already existed, and thereafter it could not affect the purchaser. It is not a question of actual payment of the debt on which the second sheriff's sale was founded, but whether its lien was divested by the first. The title of the first purchaser is not vitiated by the decree of the court misappropriating the fund. Had the owner of the ground rent appeared and made known his right, there would have been no such decree.

The purchaser at the second sale was as much bound to take notice of the first, and of the then existing liens, as would be a purchaser at a second sheriff's sale upon a judgment that was a lien when the first was consummated. No rent that accrued after the sale to Millard was included in the action of covenant which was begun before. The Act of April 8th, 1840, providing for the posting and advertisement of the alias summons, has no application—Millard was not a terre tenant till after the beginning of that suit, and there was no occasion for him to appear and make defence.

In the opinion of the court below, filed when determining the motion for a new trial, it is clearly shown that the Act of May 25th, 1878, does not apply to sheriffs' deeds.

Judgment affirmed.