# J. Dickinson Sergeant, Appellant, *v.* Isaiah H. Fleckenstein and Harry B. DeHaven.

*Ground rent—Discharge of arrearages by sheriff's sale—Tender of principal.*

A purchaser at sheriff's sale takes land free from a lien for arrears of ground rent and a subsequent judgment for the same against the covenantor acquires no lien on the property which will support a sheriff's sale and carry the title.

Where, therefore, a purchaser at sheriff's sale pays or tenders payment of the principal and all arrearages that have accrued since his purchase, all liability so far as he or the land is concerned is extinguished.

Argued Dec. 14, 1898. Appeal, No. 180, Oct. T., 1898, by plaintiff, from order of C. P. No. 4, Phila. Co., Sept. T., 1898, No. 206, refusing judgment for want of a sufficient affidavit of defense. Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit sur ground rent deed.   Before the court in banc.

It appears from the record and evidence that plaintiff brought suit to recover the amount of $28.50 being six months' ground rent due September 1, 1898, on premises southeast side of Sepviva street and southwest side of Pepper street, Philadelphia. James Wiley, a terre-tenant, filed an affidavit of defense alleging a tender as follows:

" City and County of Philadelphia, ss.

" James Wiley, being duly sworn deposes and says, that he is the owner in fee of the premises out of which the ground rent issued, six months' arrears upon which is the basis of the above suit.   That he has a just, true and legal defence to the whole of the plaintiff's cause of action of which the following is a statement:

" That on or before the 30th day of August, A. D. 1898, he went to the office of Charles H. Pile, Esq., attorney for the above named plaintiff, and there made him a tender which was refused and the reason for such refusal is set forth in the letter of August 30, 1898, from Charles H. Pile, Esq., to Frederick J. Shoyer, Esq., counsel for this deponent, the following of which is a copy:

" ' In re Ground Rent of $57.

" ' Premises S. E. Sepviva and Pepper Sts.

" ' My Dear Sir: The reason I decline your tender of $1,029.21 in the above matter, and decline to have the extinguishment of ground rent executed, is because of the fact that you had not included in the amount tendered the judgment and costs recovered in C. P. No. 3, December term, 1896, No. 542.   Judgment was entered on February 20, 1897, for two years' ground rent and interest amounting to $122.50 with interest from that time and the record costs are $48.40.   The same have not been paid nor are they included in your tender and until the principal of the ground rent and all arrears, etc., are paid, I am obliged to advise my client not to execute the extinguishment of ground rent nor regard your tender as a payment in full.

" ' Yours truly,

[Signed]          " ' CHAS H. PILE.

" ' F. J. SHOYER, Esq.,

" ' 1104 Girard Building.          August 30, 1898.'

" This deponent avers that said tender included the entire amount necessary to extinguish said ground rent, with the exception of the judgment of $122, with interest and costs which was recovered by the plaintiff in the court of common pleas, No. 3, December term, 1896, No. 542.

" That the arrears of ground rent for which said judgment was recovered were all due September 1, 1896. That said premises were purchased by this deponent from Samuel M. Clement, sheriff, at public sale on the 2d day of November, A. D. 1896, and a deed duly acknowledged and delivered to your deponent for the same. That by operation of law the defendant took said premises, freed and discharged of said judgment and interest and costs therein.

" That therefore the tender made as above set forth was a good tender in law, and by reason thereof and the refusal by the plaintiff to accept said tender on the ground hereinbefore set forth, there is not due and owing to said plaintiff any sum of money whatever, except as above set forth.

" That said tender is hereby renewed, and the defendant is ready and willing to bring into court the said sum of $1,029.85 in full extinguishment of said ground rent and all arrears thereon, and says that the plaintiff is not entitled to judgment for the amount claimed in his declaration filed. All of which facts this deponent avers to be true and expects to be able to prove on the trial of the cause.

[Signed]     " JAMES WILEY.

" Sworn and subscribed to before me ⎞
   this 4th day of Oct., A. D. 1898. ⎠
     " EVAN S. LEWIS,
       " Notary Public."

The court discharged rule for judgment for want of a suffi cient affidavit of defense. Plaintiff appealed.

*Error assigned* was refusing to grant judgment to the plain tiff for want of a sufficient affidavit of defense.

*J. M. Pile*, for appellant.—Was it not error in the court below to refuse judgment to the plaintiff for want of a sufficient affidavit of defense ?

It is to be noted that the suit is not against Wiley, but against Fleckenstein & DeHaven, and the judgment asked for is against them alone.

And whatever may be the effect of the sale to Wiley certainly Fleckenstein & DeHaven owe the whole $171 to the plaintiffs, and cannot relieve themselves from their indebtedness by offering a portion of the sum, or having it offered by a third person.

The tender is of the extinguishment money and a portion of the arrears. The appellant contends that the terms of the deed deny to the grantees or their assigns the right to an extinguishment without the payment of the arrearages of such rent to the time of such payments.

So far as is known there are no authorities to support the contention of either party, and, in fact, it is believed to be an entirely new question, but the prima facies are with the plaintiff.

It is supposable that the covenantor in a ground rent deed, or his assigns, may promote a sale by the sheriff without notice to the ground rent landlord, and purchase for a nominal sum in order to relieve himself of his liability for arrears, and surely in such a case he would not be allowed to take advantage of his own wrong.

*Frederick J. Shoyer*, for appellees.—The lien of the arrears for which judgment had been recovered and on account of which the tender was refused was discharged in law from the real estate bought by the terre-tenant at sheriff's sale : Mather v. McMichael, 13 Pa. 301 ; Foulke v. Millard, 108 Pa. 230.

The failure of the owner of the ground rent to protect himself at the sheriff's sale is a loss that he had no right to impose upon the purchaser at the sheriff's sale.

OPINION BY RICE, P. J., March 23, 1899 :

By the 8th section of the Act of April 25, 1850, P. L. 569, if not before, an action of covenant would lie against the assignee of a grantee in a deed reserving a ground rent for arrears which accrued before the assignment, and a purchaser at sheriff's sale was an assignee within the meaning of the rule. But this personal liability was removed by the act of June 12, 1878, P. L. 205, and in Foulke v. Millard, 108 Pa. 230, it was

decided that a purchaser at sheriff's sale takes the land free from the lien for arrears, and in consequence a subsequent judgment for the same against the covenantor acquires no lien on the property which will support a sheriff's sale and carry the title. When, therefore, a purchaser at sheriff's sale pays the principal and all arrearages that have accrued since his purchase, all liability, so far as he or the land is concerned, is extinguished. Because the acceptance of the tender made by the terre-tenant would have had this effect was the reason, doubtless, why it was refused. Certainly the plaintiff had no reason to fear that it would discharge the original covenantor. The latter's liability for the rent that accrued before the sheriff's sale, so far as the proceeds of said sale were insufficient for the payment thereof, would not have been affected. But we do not think the plaintiff could refuse to accept the principal from the terre-tenant and thus indirectly compel him to pay arrearages for which neither he nor the land was liable as the price of freeing the land from the incumbrance to which it was subject. Under a fair construction of the covenant he had a right to free the land from the incumbrance by the payment of the principal and all arrearages for which either he or the land was liable.

We decide this case upon the facts set forth in the statement and the affidavit of defense. If the sheriff's sale was brought about by fraud or collusion, or if the tender was coupled with a demand for the execution of a deed of extinguishment broader in terms than the terre-tenant was entitled to, it does not clearly appear in the pleadings. The only question before us is, whether the tender of the arrears for which this suit was brought was vitiated and rendered ineffectual by the fact that it was coupled with a tender of the principal. We decide that it was not.

Appeal dismissed at the costs of the appellant but without prejudice, etc.