## Moseby, Appellant, *v.* Fleck.

*Sheriff's sale—Real estate—Rights of purchaser—Prior conveyance in fraud of creditors—Right of possession.*

A purchaser of land at a sheriff's sale acquires, as against a prior vendee under a voluntary conveyance in fraud of creditors, more than a mere right to contest the latter's title. Such a purchaser acquires all that he would acquire had no fraudulent conveyance been made, except that he takes the estate incumbered by prior existing liens; in other words he succeeds to every right that his fraudulent debtor had in the land, and this includes, of course, the right of possession. If he is evicted from possession which he has peaceably acquired by a person claiming under the fraudulent conveyance, he may recover damages from the wrongdoer for the injuries sustained.

Argued May 22, 1911. Appeal, No. 2, May T., 1911, by plaintiff, from order of C. P. Fulton Co., Oct. T., 1906, No. 39, refusing to take off nonsuit in case of William L. Moseby v. Daniel C. Fleck et al. Before FELL, C. J., BROWN, MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Trespass for an alleged wrongful ejectment from land in Wells township. Before SWOPE, P. J.

From the record it appeared that prior to August 7, 1894, Abram G. Anderson was the owner of the farm

from which the plaintiff was ejected.  On that day Anderson and Emma, his wife, conveyed the land to Frank C. McClain, who on August 9, 1894, conveyed it to Emma Anderson, wife of Abram G. Anderson.  On May 25, 1899, the administrator of Richard Ashman obtained judgment against Abram Anderson and under this judgment the land was sold by the sheriff on March 16, 1901, to the plaintiff in the execution, who by deed dated December 18, 1901, conveyed the same to William L. Moseby, the plaintiff, who notified Abram Anderson to quit, which he did on January 25, 1902, and thereupon the plaintiff took possession.  In the meantime Frank C. McClain had obtained a judgment against Emma Anderson on which he issued an execution and caused the farm to be sold by the sheriff, became the purchaser at such sale, and received a sheriff's deed therefor on October 12, 1901. On January 29, 1902, Frank C. McClain ousted Moseby from the farm, and Moseby thereupon brought an action of ejectment by which he was restored to possession on July 9, 1906.  Subsequently Moseby brought this action claiming damages for personal property injured, rental value of farm during the period of ouster, and depreciation of its value.

There was evidence that the conveyance through McClain to Anderson's wife was in fraud of creditors, including Richard Ashman.

At the trial plaintiff made the following offer:

It is proposed to be proved by this witness (Blaine Anderson being upon the stand) that Fleck, Frank C. McClain, Harry M. Edwards, William C. Cunningham and George Wilds came to the house on the Anderson farm, then occupied by the plaintiff in this case, on January 27, 1902, and again on January 29, 1902, and on the latter occasion ejected the plaintiff and his wife from the premises, removed their household goods, damaged the latter, and the amount of such damage, and other items of damage arriving from such ejection.

The counsel for the defendants object to the admission

of the testimony offered to be proved by this witness, because it appears as part of the plaintiff's case that the farm from which the plaintiff was ousted was, on August 7, 1894, conveyed in fee simple by A. G. Anderson, from whom the plaintiff received the possession of these premises, to one Frank C. McClain, and by McClain the same day conveyed to Emma Anderson, whose title to the property it appears, from the record in ejectment offered by the plaintiff, passed to Frank C. McClain, one of the defendants.

It further appears from the record that the plaintiff claims under Richard Ashman, a creditor of Abraham G. Anderson, prior to August 7, 1894, the date of the deed from Frank C. McClain; having by certain conveyances offered in evidence acquired, and by sheriff's sale acquired, the title of Abraham Anderson; the only right which Ashman acquired being the right to contest and avoid the deed from Abraham Anderson to McClain, it follows therefore, that the plaintiff could not acquire any possession of the premises entitling him to sustain this action, except by pursuing the action of ejectment as he did; and therefore all evidence with respect to this eviction is irrelevant and immaterial, and incompetent and must be excluded.   Objection sustained. [1]

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Errors assigned* were (1) ruling on evidence; (7) refusal to take off nonsuit.

*William S. Hoerner* and *O. C. Bowers*, with them *John P. Sipes*, for appellant.—The plaintiff having acquired the right of property in the farm had also acquired the right of possession.   Ashman's administrator had purchased from the sheriff, and as such sheriff's purchaser and grantee he acquired the right of possession: Culbertson v. Martin, 2 Yeates, 443; Wynkoop v. Cooch, 89 Pa. 450.

*Charles Walter*, with him *J. N. Sipes, Frank P. Lynch, S. W. Kirk* and *J. H. Longenecker*, for appellees.—What Moseby acquired was the right to contest the deed from Anderson to his wife: Zuver v. Clark, 104 Pa. 222; Hoffman's App., 44 Pa. 95; Jacoby's App., 67 Pa. 434.

Abram G. Anderson divested himself of the possession and right of possession by the execution and delivery of his deed. By the subsequent deed from McClain to Emma Anderson, both the title and possession, as against Abram Anderson, vested in her. The husband could not do anything to affect the title or possession of his wife which passed to Frank McClain by the sheriff's deed to him: Young v. Algeo, 3 Watts, 223; Zell v. Ream, 31 Pa. 304; Kellam v. Janson, 17 Pa. 467.

OPINION BY MR. JUSTICE STEWART, July 6, 1911:

This case was tried on the theory that a purchaser of land at a sheriff's sale acquires, as against a prior vendee under a voluntary conveyance in fraud of creditors, simply a right to contest the latter's title, and nothing more. The authorities cited give no support to this view: Hoffman's App., 44 Pa. 95, decided merely that where the owner of land incumbered with liens conveys in fraud of creditors, and the land is sold by the sheriff under a judgment subsequently obtained, the liens existing before the conveyance remain undivested, and are therefore not payable out of the proceeds of the sale. It is there distinctly said that the earlier cases, Byrod's App., 31 Pa. 241, and Fisher's App., 33 Pa. 294, where this doctrine was first announced, were so ruled in order to prevent the mischief of a divestiture of the liens by a sale under which the debtor's deed had rendered it uncertain whether the purchaser would obtain any title; that because of this uncertainty it was thought necessary to declare that such purchaser holds subject to liens prior to the conveyance. The case is no sense derogates anything from the estate that passes to the sheriff's vendee; but, on the other hand, contains a clear recognition that what does pass in such case is the debtor's

entire estate in the land. "Still," says Strong, J., after accounting for the origin of the rule as to prior liens, "it is the estate of the debtor, whatever that may be, which is sold at the sheriff's sale." This case is followed by Zuver v. Clark, 104 Pa. 222, where the same rule as to divestiture of liens is applied, and it is there said, that a sheriff's deed, under such conditions, passes to the purchaser all that was conveyed to the fraudulent grantee; that the deed being void as to the defrauded creditors, as regards them, it is still their debtor's estate which is sold in satisfaction of their debts. Jacoby's App., 67 Pa. 434, is to the same effect, and it is there repeated in express terms that as to subsequent creditors a fraudulent conveyance is no conveyance. The doctrine of all the cases is, that under the conditions we have here, a purchaser at sheriff's sale acquires all that he would have acquired had no fraudulent conveyance been made, except that he takes the estate incumbered by prior existing liens, if any; in other words, that he succeeds to every right that his fraudulent debtor had in the land, and this includes of course, the right of possession. This being so, it is impossible to regard this plaintiff as an intruder. It is wholly immaterial how he obtained possession after he acquired the title that passed from the sheriff. It is enough to know that he obtained it peaceably in the assertion of a right. His forcible ejection was an unwarranted proceeding. It follows that for whatever injury resulted he is entitled to redress. The assignments of error are sustained, the judgment is reversed and a venire facias de novo awarded.