## Silverman *v.* Keal, Appellant.

Argued March 6, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Peter Kanjorski,* with him *Granville J. Clark,* for appellant.

*Adrian H. Jones,* with him *Frank Fierro,* for appellee.

OPINION BY PARKER, J., June 26, 1939:

The single question involved in this appeal was cor-

rectly decided by the court below in holding that a sheriff's sale of real estate on a judgment against the then owner of the premises divested the lien of a prior and superior judgment entered against a former owner as to the real estate so sold.

Harry Silverman became the owner of a parcel of land on the north side of Cranberry Avenue in the City of Hazleton on December 29, 1926. The Markle Banking & Trust Company held a first mortgage for $4,000 on the premises dated December 29, 1926, recorded the same day. Albert C. Keal, the defendant in this action, became the owner of two judgments against Harry Silverman. The lien of such judgments as to Silverman's land dated from August 6, 1932 and the liens were preserved as to his land by subsequent writs of scire facias. By deed dated October 11, 1935, recorded October 14, 1935, Harry Silverman conveyed the property to his wife Dvora Silverman for the consideration of $1,000. On October 11, 1935, Dvora Silverman and her husband, Harry Silverman, joined in a bond and mortgage to the West Hazleton Building and Loan Association for $2,000, the mortgage being recorded on October 14, 1935. The building and loan association entered judgment on the bond on February 13, 1937, a fi. fa. was issued and the sheriff sold the premises on March 12, 1937 to that association. On July 20, 1937, the building and loan association sold the premises to Dvora Silverman. The appellant in his brief admits and the court below found that fraud upon creditors was not alleged, proven or in any way involved.

The plaintiff, Dvora Silverman, filed a bill in equity alleging, inter alia, the facts heretofore stated and that the defendant, Keal, had issued writs of fi. fa. on his judgments and had directed the sheriff to levy on the real estate involved. The bill prayed that the defendant be restrained from proceeding to enforce his lien against such real estate. After hearing the court below entered a final decree restraining Keal from proceeding

with the executions. The precise question was decided adversely to the appellant's contention in *Commonwealth for use Gurney v. Alexander*, 14 S. & R. 257, the Supreme Court holding that a purchaser at sheriff's sale under a judgment does not take the land subject to a previous judgment obtained against a former owner of the land unless it was sold expressly subject to such prior judgment. Also see *Willard v. Norris*, 2 Rawle 56, 66; *Zeigler's Appeal*, 35 Pa. 173; *Foulke v. Millard*, 108 Pa. 230.

As a general rule a sheriff's sale of real estate discharges all liens on the property sold unless the sale is expressly made subject to a prior lien or liens *(Girard Life Ins. etc. Co. v. Farmers' & Mechanics' National Bank*, 57 Pa. 388, 394; *Olyphant Boro v. Egreski*, 29 Superior Ct. 116, 119; *Com. for use Gurney v. Alexander*, supra), or unless it is otherwise provided by statute, as in the case of certain mortgages (Act, April 30, 1929, P. L. 874, 21 PS §651, a re-enactment of many of the provisions of the original act of April 6, 1830, P. L. 293), and in the case of tax and municipal liens (Act, May 16, 1923, P. L. 207, 53 PS §2051). Prior to the act of 1830 the lien of a mortgage was divested by a sheriff's sale on a junior judgment *(Willard v. Morris*, 1 P. & W. 480; *Presbyterian Corp. v. Wallace*, 3 Rawle 109; *Mode's Appeal*, 6 W. & S. 280), and it required statutory authority to preserve municipal liens *(Allegheny City's Appeal*, 41 Pa. 60). The general rule applies and liens of judgment are divested by such a sale even though they are prior and superior to the lien for the enforcement of which the sale is made or though the judgment was obtained against a former owner and the execution is against a subsequent owner *(Com. for use Gurney v. Alexander*, supra), or even if proceedings are pending to revive the lien *(Foulke v. Millard*, supra).

A different situation was presented where the interest of an heir in his ancestor's real estate was sold on execution for his own debt and a subsequent sale was made

of the whole property by the Orphans' Court for the payment of debts of the intestate. In such a case it was held that the sale for payment of debts divested the title of the purchaser of the interest of the heir at sheriff's sale: *Horner & Roberts v. Hasbrouck,* 41 Pa. 169; *Smith v. Seaton,* 117 Pa. 382, 388, 11 A. 661.

It has also been held that certain charges, such as one for the payment of a widow's dower, standing in a title, which are not capable of exact computation at the time of the sheriff's sale are not divested: *Dickinson v. Beyer,* 87 Pa. 274; *Ohio-Pennsylvania Joint S. L. Bk. v. Blough,* 119 Pa. Superior Ct. 34, 40, 180 A. 45.

The appellant cites and relies upon a line of cases of which the following are examples: *Byrod's Appeal,* 31 Pa. 241; *Dungan's Appeal,* 88 Pa. 414; *Fidler v. John,* 178 Pa. 112, 35 A. 976; *Moseby v. Fleck,* 233 Pa. 102, 107, 81 A. 930. These cases have no application to the present situation for the reason that in each of these cases there was involved the fact that a fraudulent conveyance was alleged to have been made. The appellant here did not allege or prove any fraud and the chancellor found that there was no fraud involved. Not only so, but the appellant admits in his brief that there is no contention that the conveyances by which title vested in Mrs. Silverman were fraudulent. Where the owner of land encumbered with liens makes a conveyance fraudulently against creditors and the land is sold by the sheriff and judgment is subsequently obtained, the liens existing before the conveyance remain and are, therefore, not payable out of the proceeds of the sale. *Fisher's Appeal,* 33 Pa. 294; *Hoffman's Appeal,* 44 Pa. 95, and cases cited by appellant and referred to above.

Where a fraudulent conveyance is alleged to be involved, it has been the long established practice in this state for a judgment creditor to levy upon and sell any interest his debtor has or is believed to have in land and have the fact of such interest tried in ejectment by the purchaser. "This practice is founded primarily upon

the law that in Pennsylvania land is assets for the payment of debts, and in the absence of a court of chancery there was no way of trying the debtor's alleged title except by ejectment": *Kreamer v. Fleming,* 200 Pa. 414, 416, 50 A. 233. In the Kreamer case the court called attention to the fact that this practice created many hardships and frequently put the real owner to the trouble and expense of defending his title so obtained by sale under levy and of showing, that the debtor had no interest whatever in the property. Thus clouds were frequently placed upon titles. Consequently the courts, applying equitable principles, relieve innocent purchasers from the consequences of proceedings intended to harass them. Following *Hunter's Appeal,* 40 Pa. 194 and *Thompson's Appeal,* 107 Pa. 559, the Supreme Court held in the Kreamer case that where process of law was being used against right and justice to the injury of another, the injured party could invoke the intervention of a court of equity and the purchaser was relieved of the burden of defending an action in ejectment or from being prejudiced by a cloud upon his title. This is just such a case.

If the defendant in this action should be permitted to proceed to sale of the premises the purchaser would take no interest in the land since fraud is not in any way involved. It follows that the proper decree was entered by the court below. *Byrod's Appeal,* supra, relied upon by appellant not only gives no support to appellant's contention but is authority for the appellee. The court there found that there was, no fraud involved just as the court did in the case we are considering and then concluded its opinion with this statement: (p. 243) "In the present case, there is scarcely more than a charge of fraud. There is no adequate proof of it, and it is not found to exist. The result, therefore, is, that the sale on a subsequent judgment against Henry passed no title at all. It would be strange, indeed, if such a sale should discharge the prior liens."

We call attention to the additional fact that the judgment on which the premises were sold to the building and loan association was entered against both the former owner and the present owner and therefore the sale conveyed the interest of Harry Silverman and Dvora Silverman. This of itself would be conclusive against the appellant. It also appears that the defendant in this action attended the sale and bid up the sale price to $2500, all going to show that the action of the defendant in attempting to levy upon and sell this real estate was only intended to harass and annoy the present owner.

The decree of the court below is affirmed at the cost of the appellant.