## Ashmead and Langstroth *versus* McCarthur.

1. M. held a mortgage against S. After the date of the mortgage and before recording it, B. recovered judgment against S. Afterwards S. gave a mortgage to A., who wishing to collect his mortgage, it was understood between his attorney and M.'s, neither knowing of B.'s judgment, that a sheriff's sale would be subject to M.'s mortgage, and notice was given at the sale to that effect. A. bought at sheriff's sale. The jury found that A.'s purchase was with the understanding that it was subject to M.'s mortgage. *Held,* that A. took the property so subject.

2. The evidence justified the court below in submitting to the jury to find whether there was such understanding.

3. The parties could contract for a rule as between themselves differing from a mere result of law.

January 12th 1871. Before THOMPSON, C. J., AGNEW and WILLIAMS, JJ. SHARSWOOD, J., at Nisi Prius.

Error to the District Court of *Philadelphia:* No. 13, to July Term 1870.

This was a scire facias sur mortgage, issued February 17th 1869, by William McCarthur, treasurer of the Workingmen's Building Association of Germantown, against Michael McShane, with notice to Algernon L. Ashmead and James F. Langstroth, terre-tenants. The terre-tenants pleaded payment with leave, &c.

The mortgage, as described in the writ, was from the defendant to the plaintiff, dated May 1st 1866, for $700 with interest.

On the trial, February 16th 1870, before Stroud, J., the terre-tenants gave in evidence the mortgage in suit, recorded May 30th 1866; also judgment in favor of the terre-tenants against McShane, entered December 21st 1868, on bond with warrant, accompanying a mortgage dated March 1st 1867, to secure $750; fi. fa. and vend. ex. on this judgment; sale by the sheriff, February 1st, to the terre-tenants and sheriff's deed to them, February 13th 1869; also judgment entered May 26th 1866, in favor of Joseph Boucher against McShane for $100. The terre-tenants then rested.

On the part of the plaintiff, R. Thomas testified that he was a member of the building association and their scrivener; in the fall of 1868, F. F. Brightly, Esq., of counsel, with Ashmead and Langstroth, called on witness, saying his clients had a claim against McShane, and asked if the association had a mortgage against him; witness showed him from the book that they had such mortgage; Mr. Brightly came again, said he had deter-

[Ashmead v. McCarthur.]

mined to sell the property of McShane, and inquired what was due on the plaintiff's mortgage. Witness said that he was instructed to buy McShane's property unless it brought enough to cover plaintiff's mortgage; and that he, witness, would be at the sale. Mr. Brightly said witness need not go to the sale, as his clients knew they would have to buy subject to plaintiffs' mortgage, he merely wished to know what was to come off the face of the mortgage; witness gave him a statement of the amount due; he said witness need not attend· the sale, "the thing was understood;" witness further said "I agreed with him and told him I would give notice at the sale of my mortgage;" he stated at first he thought that was hardly necessary, but finally thought it would be to his interest, as it would prevent parties from bidding and running the property up on his clients, and offered to read the notice. I told him that, inasmuch as I was not going down, under · our agreement, I would get Enoch Taylor, Esq., to read the notice; that it would look better. This was the notice that I wrote, and it was worded partly at Mr. Brightly's dictation. I gave it to Mr. Taylor to read at the sale. * * * The property is worth from $1200 to $1400." On cross-examination, witness said that ·the Boucher judgment did not appear on the searches which he had taken out and which were brought up to May 26th 1866; during the negotiation with Mr. Brightly he did not know of the Boucher judgment, but supposed the plaintiff's mortgage to be the first encumbrance.

The notice referred to by witness was as follows:—

"William McArthur, ⎫
   v.   ⎬  NOTICE.
Michael McShane. ⎭

Please take notice, that the premises now about to be sold as the property of Michael McShane are subject to a mortgage debt of $700, upon which there are several months' interest: said mortgage bears date the 21st day of May 1866, and is recorded in Mortgage Book L. R. B., No. 70, page 388, &c.

        WM. McCARTHUR, Treas'r.
        Per ROBT. THOMAS, Ag't."

The plaintiff gave evidence that the notice was read by Mr. Brightly at the sheriff's sale.

McShane testified that he had said nothing to the parties as to the existence of the Boucher judgment. There was other evidence on the part of the plaintiff bearing on the question, whether there was an understanding with Ashmead and Langstroth that they should buy subject to the plaintiff's mortgage.

The terre-tenants gave evidence by E. Taylor, Esq., that he had been requested to read the notice at the sheriff's sale, but

[Ashmead v. McCarthur.]

that not desiring to remain there, asked Mr. Brightly to read it as personal favor to witness.

F. F. Brightly testified that he made no agreement to buy subject to the plaintiff's mortgage; he attended the sale for his clients, supposing the plaintiff's mortgage was the first encumbrance, not then knowing of the Boucher judgment; that when he read the notice he stated that he knew nothing of the facts contained in it; he first learned of the judgment February 8th 1869.

The court charged:—

"If you find that the defendants, Langstroth and Ashmead, bought the property at the sheriff's sale, with the understanding that they bought subject to the plaintiffs' mortgage, and gave so much less for it on that account, then you will find for the plaintiff the amount due on the mortgage.,'

The verdict was for the plaintiff for $560.11.

The terre-tenants took a writ of error, and assigned the instruction of the court for error.

*F. C. Brightly*, for plaintiffs in error.—A judicial sale divests all liens: Loomis's Appeal, 10 Harris 317.    To take subject to a mortgage which would be discharged, must be by express agreement: Barnet v. Washebaugh, 16 S. & R. 414; Coyne v. Souther, 11 P. F. Smith 456; Helfrich v. Weaver, Id. 389.    There was no evidence from which an inference could be drawn that the terre-tenants bought subject to the mortgage:—it was error to submit the question: Gilchrist v. Rogers, 6 W. & S. 488; Urket v. Coryell, 5 Id. 84; Miller v. Cresson, Id. 301; Switland v. Holgate, 8 Watts 385.    There was no contract to bind the parties, the parties having acted on a supposed state of facts which did not exist: Bishop v. Reed, 3 W. & S. 265; Watts v. Cummins, 9 P. F. Smith 90; Miles v. Stevens, 3 Barr 22; Horbach v. Gray, 8 Watts 492; Rankin v. Mortimere, 7 Watts 374; Gross v. Leber, 11 Wright 520; Hammond v. Allen, 2 Sumner 387; Yates v. Little, 6 McLean 513–14; Daniel v. Mitchel, 1 Story 190; Rhode Island v. Massachusetts, 15 Peters 271; Trigg v. Read, 5 Humph. 529; Hurd v. Hall, 12 Wisc. 112; Williams v. Champion, 6 Ham. 169; Bigelow v. Barr, 4 Id. 358; Kerr on Fraud 359; Stapylton v. Scott, 13 Ves. 427; Robinson v. Dickenson, 3 Russ. 413; Couturier v. Hastie, 9 Exch. 102; Strickland v. Turner, 6 Exch. 208; Pritchard v. Ins. So. 3 C. B. (N. S.) 622; Hitchcock v. Giddings, 4 Price 135; Colyer v. Clay, 7 Beav. 188; Kelly v. Solari, 9 M. & W. 54; Lucas v. Warwick, 1 Mood. & Rob. 293; Gross v. Leber, 11 Wright 527; Thornton v. Wynn, 12 Wheat. 188; Sigerson v. Mathews, 20 How. 496; Byles on Bills 237 note; Story on Notes § 361; 1 Story Eq. Jur. § 146 note. The defendant having neglected to attend the sale in consequence of a mutual misunderstanding without fraud by

[Ashmead v. McCarthur.]

the vendees, it is *damnum absque injuria:* Winter's Appeal, 11 P. F. Smith 313.

*C. S. Pancoast,* for defendant in error.—The charge of the court is in conformity with Crooks v. Douglass, 6 P. F. Smith 53. The charge is sustained by Muse v. Letterman, 13 S. & R. 167; Twelves v. Williams, 3 Wharton 490; Tower's Appropriation, 9 W. & S. 103; Towers v. Tuscarora Academy, 8 Barr 297; Zeigler's Appeal, 11 Casey 182; Loomis's Appeal, 10 Harris 318.

The opinion of the court was delivered, February 9th 1871, by

Thompson, C. J.—The controversy in this case is between two separate mortgagees, and whether the understanding or contract between them that the junior mortgagee should buy the mortgaged property subject to the senior, was binding on them under the circumstances developed after the sale. These circumstances were, that there existed a small judgment against the mortgagor, which was a prior lien to the first mortgage on the property covered by both, the existence of which was unknown to both parties, and the effect of which was to discharge the lien of both under the sale made by the junior mortgagees or the judgment-bond accompanying their mortgage. Not only was there an understanding, as the jury have found, that the junior mortgagees should buy subject to the prior mortgage, but notice to that effect was given at the sale, and was read, it is true as a matter of accommodation to the party who was to read it for the senior mortgagee, by one of the counsel for the junior mortgagees, but when the sale proceeded, he bought in the property at the sum of $250; which of itself shows that it was bought in under the agreement proved by the witnesses below. The learned judge submitted the question to the jury, whether, under the evidence, there was a contract or understanding between these mortgagees about the purchase of the property, and instructed them that if they found that the defendants had so purchased the plaintiff was entitled to recover whatever was due on the mortgage in his trust and charge for the building association.

There was no error in this, as Zeigler's Appeal, 11 Casey 182, Loomis's Appeal, 10 Harris 318, Crooks v. Douglass, 6 P. F. Smith 53, and other cases, abundantly show. I will not analyze these cases to show what they plainly prove, namely: that there was no error in the instruction of the learned judge. It will be remembered that the arrangement, referred to, affects no parties but those who made it, and it is not easy to see why they could not contract for a rule as between themselves, differing from a mere result of law. We do not in the least mean to impugn the rule that, as a general thing, judicial sales discharge all liens which are not protected from discharge by law or their own nature.

[Ashmead *v.* McCarthur.]

That principle was suspended to some extent in this case by contract between the only parties, as they supposed, that were interested in the matter. The lien dockets were open to both, and neither deceived the others as to the prior lien. The defendants got an advantage by the arrangement, and it would be unfair to the other party to allow them to keep it, and at the same time repudiate the arrangement under which they obtained it. This is enough for this case, and seeing no error in it the judgment is
Affirmed.