## James Williamson, Plff. in Err., *v.* Charles Hehl et al.

A release of a portion of the land from a ground-rent charge will not operate as a reduction of the rent, when the agreement of the parties provides that the portion unreleased shall continue chargeable with the entire rent.

(Decided January 18, 1886.)

Error to the Court of Common Pleas, No. 2, of Philadelphia County, to review a judgment for plaintiffs, in an action for the recovery of a ground rent. Affirmed.

This was an amicable action, upon an agreed state of facts, brought by the executors of Jacob Hehl against James Williamson, to recover arrears of ground rent falling due September 1, 1884.

The facts were, that Jacob Hehl had deeded a tract of land to James Williamson subject to a ground rent, which Williamson covenanted to pay. Subsequently, by sundry conveyances, the property became vested in Daniel Kochersperger, to whom Hehl released part of the premises from the ground rent, in consideration that the remaining part should be chargeable with the whole amount of the rent. Williamson afterwards purchased the land so charged at sheriff's sale. He disputed Hehl's claim

NOTE.—In the absence of special agreement, as in this case, a release of a portion of the ground from a rent charge acts as an extinguishment of the ground rent as to the remaining part in due proportion. Ingersoll v. Sergeant, 1 Whart. 337.

in this action on the ground that the deed of release operated as a discharge *pro tanto* of the reserved rent, and that the land owned by him was liable only for its apportioned share. Judgment was rendered for plaintiffs, and defendant brought error.

*Alex. Simpson, Jr.,* for plaintiff in error.—That the general principle of law is that a release of part of a tract of land from the ground rent issuing out of the whole tract operates as an extinguishment of part of the rent is no longer an open question. Ingersoll v. Sergeant, 1 Whart. 337; Cuthbert v. Kuhn, 3 Whart. 357, 31 Am. Dec. 513; Bank of Pennsylvania v. Wise, 3 Watts, 404; Reed v. Ward, 22 Pa. 144; Linton v. Hart, 25 Pa. 193, 64 Am. Dec. 691; Crawford v. Crawford, 2 Watts, 339; Montague v. Gay, 17 Mass. 440; Nellis v. Lathrop, 22 Wend. 124, 34 Am. Dec. 285.

It is expressly decided in Crawford v. Crawford, that "a release of part of land from a lien does not discharge the residue, either entirely or *pro tanto.* It is otherwise as regards a quit-rent, which issues out of every part of the land."

And the decision is precisely the same in Culp v. Fisher, 1 Watts, 500, where the distinction is drawn between the effect of a release in the one case, and the effect in the other; and that case is affirmed in Mevey's Appeal, 4 Pa. 83.

In Bosler v. Kuhn, 8 Watts & S. 185, 186, it is said that in a ground rent the covenant is but an accessory, the rent being the principal; the covenant is not a covenant to pay a debt, but a security for the performance of a collateral act. And this case is approved in Prentiss v. Kingsley, 10 Pa. 123; Juvenal v. Patterson, 10 Pa. 283.

To the same effect are Naglee v. Ingersoll, 7 Pa. 194; Warner v. Caulk, 3 Whart. 196; Franciscus v. Reigart, 4 Watts, 116.

In Cuthbert v. Kuhn, 3 Whart. 357, 31 Am. Dec. 513, it is said that "all the authorities from the 46 Edw. III. 32, to the most modern, agree that a rent extinguished in part of the land, can be thrown entire on the residue only by what is in substance a fresh grant." To the same effect is Gillespie v. Thomas, 15 Wend. 464; Cadwalader, Ground Rents, § 306.

Whatever may have been the tendency of the earlier cases, the later ones are to the effect that notices that a sale is subject to a ground rent, or even an announcement at the sale, cannot have the effect of fixing a lien which would otherwise be dis-

charged, unless something has been done by the purchaser, which it would be a fraud to permit him to deny, by reason of the fact that another person relying upon such act would thereby be misled to his prejudice. Loomis's Appeal, 22 Pa. 312; Crooks v. Douglass, 56 Pa. 51; Mode's Appeal, 6 Watts & S. 280; Ashmead v. McCarthur, 67 Pa. 326; Jermon v. Lyon, 81 Pa. 107.

*S. W. Reeves* and *J. Howard Gendell,* for defendants in error. —It is the duty of the junior encumbrancer to give distinct notice of his equity, and to warn the prior encumbrancer not to release. Taylor v. Maris, 5 Rawle, 51; McIlvain v. Mutual Assur. Co. 93 Pa. 30; Wilbur's Appeal, 10 W. N. C. 133; Scharck v. Shriner, 12 W. N. C. 393; Quakertown Bldg. & L. Asso. v. Sower, 11 Phila. 532; Snyder v. Crawford, 39 Phila. Leg. Int. 52.

There is nothing in the nature of a ground rent prohibiting the release of part of the land without prejudice to the claim for the whole rent out of the residue. Gilb. Rents, 181; Hodgkins v. Robson, 1 Vent. 276; Ingersoll v. Sergeant, 1 Whart. 337.

The rent may be collected from the land by means of a suit against Williamson. The fact that he was not party to the release is not material. The rights against all parties were expressly reserved in the release. This retains the liability of the surety. Hagey v. Hill, 75 Pa. 108, 15 Am. Rep. 583; Kemmerer's Appeal, 102 Pa. 558–561.

He is liable as a terre-tenant. Colborn v. Trimpey, 36 Pa. 463; Schnepf's Appeal, 47 Pa. 37.

A purchaser at sheriff's sale is liable on a covenant running with the land. Smith v. Conrad, 11 W. N. C. 100.

At the most the release only affected his personal liability. The debt of the land still remains and can be recovered in an action against him, in which the judgment is entered *de terris* as in Williams's Appeal, 47 Pa. 283; Gardiner v. Painter, 3 Phila. 365.

The release was conditional. If it cannot take effect without discharging the covenants, the release must fall and the covenants stand.

Plaintiff in error is estopped from denying his liability for the entire rent, by the judgment for former arrears. A judgment is conclusive, not only with respect to the cause of action

in the particular suit, but also as to the right on which that cause of action is based, and of all material questions directly involved. Duchess of Kingston's Case, 2 Smith Lead. Cas. 824.

For instance, where a discharge in bankruptcy is set up as a defense, and the plaintiff seeks to avoid its effect by the allegation that it was procured by fraud, a prior verdict and judgment between the same parties, against the defendant, is conclusive evidence of the fraud. Peterson v. Lothrop, 34 Pa. 223.

In an action for the continuation of a nuisance in erecting a dam, a former verdict and judgment are conclusive evidence that the dam is a nuisance. Kilheffer v. Herr, 17 Serg. & R. 319, 17 Am. Dec. 658; Casebeer v. Mowry, 55 Pa. 419, 93 Am. Dec. 766; Grant v. Ramsey, 7 Ohio St. 157; Kane v. Fisher, 2 Watts, 246; Aurora v. West, 7 Wall. 82, 19 L. ed. 42; Beloit v. Morgan, 7 Wall. 619, 19 L. ed. 205.

Where there is a sheriff's sale expressly subject to an encumbrance, the debt is part of the consideration, and the purchaser is estopped from denying its existence or lien. Muse v. Letterman, 13 Serg. & R. 167; Stackpole v. Glassford, 16 Serg. & R. 163; Twelves v. Williams, 3 Whart. 485, 31 Am. Dec. 542; Zeigler's Appeal, 35 Pa. 173; Crooks v. Douglass, 56 Pa. 51; Ashmead v. McCarthur, 67 Pa. 326; Jermon v. Lyon, 81 Pa. 107; Reading v. Hopson, 90 Pa. 494.

PER CURIAM:

It may be conceded that the release of a portion of the land charged with a ground rent may, under some circumstances, operate as a discharge of the rent *pro tanto*. Here, however, the release and discharge of a portion of the land out of which the rent issued, from the payment thereof, was under an express agreement between the owner of the ground rent and the owner of the land, that the covenants of the ground rent should remain in full force against the remainder of the lot, and that the remaining part of the lot should be chargeable with the whole rent specified in the deed reserving the same. The plaintiff in error did not then own the land. He afterwards purchased the portion of the land not released, at sheriff's sale, when the writ on which it was sold and the sheriff's advertisement stated the sale to be subject to the ground rent. If he had any right to the proceeds, he should have asserted it on the distribution of that fund.

Judgment affirmed.