# In re Assigned Estate of Archibald McFadden. Appeal of Harry A. McFadden.

*Lien—Release of first mortgage by agreement.*

Under the act preserving the lien of a first mortgage at a judicial sale not made on said lien, the mortgagee by agreement may waive such right or benefit, and consent that the sale be made free and clear of the lien.

Argued April 17, 1899. Appeal, No. 234, Jan. T., 1899, by Harry A. McFadden, executor, from decree of C. P. Blair Co., March T., 1897, Nos. 108 and 113, in distribution. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Petition of lien creditor to take proceeds of assignee's sale of real estate out of court.

It appears from the evidence that Archibald McFadden made a deed of assignment of his property, including among other pieces of property one known as the McFadden farm, which was subject to a mortgage of $4,040. There were judgments junior to this mortgage. After some proceedings looking towards the collection of the mortgage, it was alleged that an agreement had been arrived at whereby execution should be stayed, and that the assignee should sell the property divested of the lien of the mortgage and that the mortgage should be paid from the purchase money. After several adjournments the farm was sold, March 7, 1896, to J. King McLanahan, Jr., for the sum of $8,990, divested of all liens and incumbrances. A portion of the hand money had been paid to the assignee and deposited in the banking firm of Gardner, Morrow & Company, of which the assignee was a partner. This firm failed, all its partners proving insolvent. In June, 1897, McLanahan presented his petition to the court for leave to pay the purchase money into court, which was allowed, and on the petition of the mortgagee, a rule was granted on the junior judgment creditors to show cause why the mortgagee should not be permitted to take the fund. The appellant representing the junior judgments answered the rule denying that the lien of the mortgage had been divested, and asserting that the fund paid into court was applicable to the payment of the judgments.

The court below, BELL, P. J., found as follows:

In Love's Estate, 6 Dist. Rep. 516; 4 Pa. Superior Ct. 556, it is expressly ruled that the act preserving the lien of a first mortgage at a judicial sale is for the benefit of the first mortgage, and that, by agreement, such right or benefit may be waived. The only question, therefore, is as to the waiver of such right in the present case. [Considering the evidence as a whole, I am decidedly of the opinion that the weight of this testimony shows an agreement, whereby it was understood and agreed between the parties concerned that the McFadden farm should be sold by the assignee free and clear of the line of the Brooke first mortgage and that the first proceeds of sale should be applied to the payment of said mortgage.] [7] The Brooke heirs desired their money; they did not desire the mortgage as an investment, and, as is shown by the testimony of Thos. J. Baldrige, Esq., Davis B. Rothrock and John Mc-Fadden, an execution had been issued to sell the farm on the Brooke mortgage, and such execution was stayed at the instance of Mr. Morrow, assignee of A. McFadden, so that said assignee could sell, with the idea, doubtless, that a better price could be obtained at assignee's sale than at sheriff's sale, and it was understood and agreed that such Brooke mortgage should receive the first proceeds of such sale by the assignee. The testimony of Messrs. Kipple and Vipond as to notice being given, at the attempted sales at which they attended, that the sale was clear of all incumbrances, corroborates the testimony of Messrs. Baldrige and other witnesses heretofore alluded to. So does the return of sale, March 11, 1896, "divested of all liens and encumbrances," the testimony as to the value of the farm, that it brought a full price, inclusive of the mortgage; and the fact that no question seems to have been raised, and no allegation made, that the mortgage was still a lien until the failure of Gardner, Morrow & Co., occurred, when it began to be feared that the first payment made to the assignee had been lost by reason of such failure. . . . The weight of the testimony is decidedly to the effect that there was an understanding and agreement that the sale of the assignee discharged the lien of the Brooke mortgage, and that such mortgage must be paid out of the proceeds of such sale.

VOL. CXCI—40

The assignee's sale was in the interest of the junior creditors, not of the Brooke mortgage. At sheriff's sale on the Brooke mortgage execution, the farm would have been sold for cash for a sufficient amount to pay said first mortgage, but the sale by the assignee was resorted to in the belief that at an assignee's sale, on time, a larger amount could be realized by the junior creditors. Hence, if a loss is to be sustained by reason of the Gardner, Morrow & Company bank becoming insolvent, which the assignee had deposited in said bank the first payment, such junior creditors ought to bear such loss rather than the Brooke mortgagees.

[Now, May 2, 1898, rule to pay money into court absolute and if said money is paid in or when it is paid in the prothonotary is hereby authorized and directed to pay, out of the fund in court, the Brooke mortgage in full, debt, interest and costs.] [8]

Harry A. McFadden, representing the junior judgments, for himself and the heirs of Samuel P. McFadden, appealed.

*Errors assigned* among others were (7, 8) to portions of the ruling of the court below, reciting same; (9) in ordering the payment of the money to the mortgage account, reciting decree; (10) in not deciding and decreeing that the first mortgage which was prior to all other liens against said estate of the assignor was not divested by said sale made by the assignee; (11) in not ordering and decreeing that the money in court should be paid on account of and to the judgments of Samuel P. McFadden's executor, which were divested by the sale of the real estate by the assignee.

*Harry A. McFadden,* for appellant.—The Supreme Court has held that first mortgages cannot be divested by judicial sales: Datesmen's Appeal, 127 Pa. 348; Maxwell v. Benson, 105 Pa. 274; Fuel Co. v. Gas Co., 162 Pa. 85.

In judicial sales disappointment in title is not ground for relief. Purchasers must see that the proceedings are regular and legal: Bickley v. Biddle, 33 Pa. 276.

*John D. Blair* and *Thos. J. Baldrige,* for appellee, were not heard.

PER CURIAM, May 23, 1899:

As to the controlling question of fact in this case, the learned president of the court below found on sufficient evidence "that it was understood and agreed between the parties concerned that the McFadden farm should be sold by the assignee free and clear of the lien of the Brooke first mortgage, and that the first proceeds of sale should be applied to the payment of said mortgage."

There cannot be any doubt that the act preserving the lien of a first mortgage at a judicial sale not made on said lien is for the benefit of the holder of the mortgage, and that by agreement he may waive such right or benefit and consent that the sale may be made free and clear of the lien, etc.: 4 Pa. Superior Ct. 556.

There appears to be nothing in the record that would warrant us in holding that the court erred in finding as above quoted, or in any of the matters complained of in the specifications of error. We find nothing in either of said specifications that requires further notice.

The decree is affirmed on the opinion of the court below, and the appeal is dismissed at appellant's costs.