426 A.2d 1164

**DAUPHIN DEPOSIT BANK & TRUST COMPANY**

**v.**

**HOWARD O. STOUFFER, INC.**

**Appeal of CHARLES C. LOOSE & SON, INC., Hiester Gingrich, Harry Weaver.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1979.

Filed March 6, 1981.

Timothy D. Sheffey, Lebanon, for appellants.

A. Harry Ehrgood, Lebanon, for appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

WATKINS, Judge:

This is an appeal from the order of the Court of Common Pleas of Lebanon County, distributing the proceeds of Sheriff's sales or real estate in that county.

The facts in the instant case are that Dauphin Deposit Bank and Trust Company, the Execution Creditor, executed upon its judgments which were junior in lien to its construction mortgages. At the time announced for the sheriff's sale of the real estate which was subject to the execution and to the mortgages, the attorney representing the Execution Creditor and the Mortgagee announced that the sale would divest the construction mortgages. The sheriff, in announcing the conditions of sale, repeated that announcement. Present at the sale and at the time of the announcement were all of the mechanics lien creditors together with their counsel and they voiced no objection to the divestiture of the mortgage liens. In point of fact, one of the Exceptant Mechanic Lien Creditors through his counsel purchased Tract No. 4, 608 Meadow Drive, South Lebanon Township, Lebanon County, Pa., by bidding a price over and above the bid of the bank which had bid the amount of the mortgage debt and interest together with the costs and collection fee.

All of the Mechanics Lien Creditors were present at the sale and were free to bid to protect their interest. Only with respect to Tract No. 4 did one of those creditors so act. In each instance, the Execution Creditor bid a sufficient fund to cover the mortgage debt, interest, collection fee and costs.

The sole question on this appeal is whether the waiver of its right of preservation of its lien by the first mortgagee was effective and its lien discharged by the sales.

Section 8152 of the Judicial Code, 42 Pa.C.S. § 8152, is a reenactment of the Act of April 30, 1929, P.L. 874, 21 P.S. § 651. This Act, in turn was a re-enactment of the Act of 1901, May 8, P.L. 141 with various amendments and supplements, which in turn was a re-enactment of the Act of March 23, 1867, P.L. 43.

These Acts provide, in pertinent part:

"When the lien of a mortgage is or shall be prior to all other liens upon the same property. . . the lien of such mortgage shall not be destroyed or in anywise affected by an judicial sale. . ."

As early as *Love's Estate*, 4 Pa.Super. 556, 40 W.N.C. 345 (1897) held in effect that the Act preserving the lien of the mortgage does not prevent and was not intended to prevent those who were to be benefitted under the Act from waiving or relinquishing the benefits thereby conferred. The Court cited the earlier case of *Berger v. Hiester*, 6 Wharton 210. This case was followed by *McFadden's Assigned Estate*, 191 Pa. 624, 43 A. 383, 1899, wherein the Supreme Court of Pennsylvania held:

"Under the Act reserving the lien of a first mortgage at a judicial sale not made on said lien, the mortgagee by agreement may waive such right on the benefit, and consent that the sale be made free and clear of the lien."

The Court went on to say:

"There cannot be any doubt that the Act preserving the lien of the first mortgage at a judicial sale not made on said lien is for the benefit of the holder of the mortgage, and that by agreement he may waive such right on benefit and consent that the sale may be made free and clear of the lien."

That the rights of the mortgagee may be relinquished by proper waiver cannot be argued. Rights of all parties of interest in a Sheriff's sale depend on the record at the time of the sale. Here all parties were aware of the existence of the construction mortgages and of the fact that buyers would be profoundly influenced by the effect of the sale on said mortgages, i. e. would the sale be subject to the mortgages or divested of same.

Those primarily protected by the record are the execution creditor on a junior lien and the purchaser at the sale, so that title will not be divested by matters not a part of the record.

The waiver here was made for the record, clearly without reservation. All parties had the opportunity to protect their interest, and the purchaser bid on the basis that the mortgages would in fact be divested.

The waivers were proper and effective and timely.

Order affirmed.

CERCONE, President Judge, files a concurring opinion.

CERCONE, President Judge, concurring:

The instant appeal arises from the order of distribution of proceeds following the Sheriff's sale of properties owned by Howard O. Stouffer, Inc. Appellants were mechanic's lien holders who, under the schedule of distribution, would recover only part of the amount of their liens. Appellee, Dauphin Deposit Bank and Trust Company, was both the mortgagee (construction lender) and execution creditor with respect to these properties. The execution and sheriff's sale were not a consequence of a default on the mortgage, but rather because of the bank's execution upon certain judgment notes Stouffer had endorsed in the bank's favor which were junior to both the mortgages would be satisfied from the sales under the terms of the distribution order, the proceeds were insufficient to reach the judgment notes which remain apparently wholly unsatisfied.

The point of contention in this matter focuses on the bank's last minute announcement that it would waive the statutory protection of its mortgages at the sheriff's sale, so that the proceeds of the sale would be used first to satisfy the mortgage indebtedness on the individual parcels. Appellants, as mechanic's lien holders, would have had the proceeds of the sale applied first to their liens had it not been for this announcement; however, any successful bidder would have taken the property subject to the mortgage indebtedness. As the Judicial Code, *42 Pa.C.S. § 8152 (1980)* provides:

"When the lien of a mortgage is or shall be prior to all other liens upon the same property... the lien of such mortgage shall not be destroyed or in anywise affected by judicial sale..."

Of course, bids on the parcels would have been much lower if the bidders would have taken subject to the terms

of each mortgage; and, in light of the record developed in this case, it is problematical whether the mechanic's lien holders were prejudiced by the change in the terms of the sale. That is, on the record before us we cannot determine whether the proceeds of sales subject to the mortgages would have generated proceeds sufficient to satisfy a greater portion of the mechanic's liens. Indeed, it is because of the absence of any evidence of prejudice that I agree the order of distribution should be affirmed.

I part with the majority opinion inasmuch as I find requiring the lien holders to object immediately to the bank's last minute waiver gives an unfair advantage to the bank, perhaps, in some circumstances, to the disadvantage of other creditors. See *31 C.J.S., Estoppel 70(b) (1965)*. The bank literally had weeks to ponder the benefits and detriments of waiving its statutory protection, whereas the remaining creditors had only seconds to consider the potential adverse consequences of the waiver to their interests. Suppose, for example, a potential bidder had come to the sale with a line of credit sufficient only to bid out the amount of the costs and mechanic's liens and, indeed, was prepared to do so in part because the interest rate of the outstanding mortgage compared favorably with interest rates he would have to pay if a new mortgage had to be obtained. Having no opportunity to consider the new economics of the transaction, such a bidder might choose to remain silent. To my mind it is clear that, if such were the circumstances, the bank's announcement of waiver would be inequitable under the circumstances, and I would favor reversing the order of distribution. However, the absence of such evidence persuades me to the contrary.

After exceptions were filed to the sheriff's proposed distribution of the proceeds, the parties stipulated to all the facts they thought relevant. There was no evidence, by affidavit or otherwise, that the mechanic's lien holders were prejudiced by the bank's waiver. Without it being particularly articulated as such, the lien holders' principal argument is that the bank is estopped to enforce the waiver due to the

eleventh hour manner in which it was effected.* The difficulty arises because it is hornbook law that there are two elements of estoppel: (1) unfair or inequitable conduct on the part of the party to be estopped; and (2) a real detriment suffered by the party seeking the estoppel proximately caused by the inequitable conduct. See generally *31 C.J.S., Estoppel 74 (1964)*. It is the failure of the mechanic's lien holders to allege and to prove such a detriment which persuades me that the order of distribution must be affirmed. See *Roos v. Fairy Silk Mills*, 334 Pa. 305, 5 A.2d 569 (1939). On this state of the record, because the amounts bid on the parcels clearly increased to reflect the discharge of the mortgages, to hold otherwise would effect a windfall to the mechanic's lien holders at the bank's expense despite the absence of proof that they were injured by the change in the terms of the sale.

---

* I am in full agreement with the majority that the bank had the power to waive its statutory protection against its lien being discharged by the sale.