483 A.2d 505

**PUBLIC FEDERAL SAVINGS & LOAN ASSOCIATION, Appellant,**

v.

**Herman NEUMANN.**

Superior Court of Pennsylvania.

Argued May 3, 1984.

Filed Sept. 21, 1984.

Reargument Denied Nov. 26, 1984.

Petition for Allowance of Appeal Granted May 28, 1985.

390

Stephen A. Sheller, Philadelphia, for appellant.

Marc S. Weisberg, Philadelphia, for appellee.

Before SPAETH, President Judge, and BROSKY and McEWEN, JJ.

McEWEN, Judge:

Public Federal Savings & Loan Association has appealed from the judgment entered in favor of appellee following dismissal of appellant's exceptions to the decision of the trial judge in this mortgage foreclosure action. We reverse.

The parties submitted the case to the trial court on the basis of the following stipulated facts: Stephen Zeitz and Joyce M. Zeitz were the owners of the pertinent real estate located at 11106 Hendrix Street, in Philadelphia, Pennsylvania. On October 7, 1975, the Zeitzes executed and delivered a mortgage on the premises to appellant Public Federal Savings & Loan in the amount of $36,000 as security for a loan advanced to them by Public Federal. This mortgage was recorded the following day. On October 30, 1975, the Zeitzes executed a judgment note in favor of Provident Consumer Discount Company in the amount of $1,470.00. When the Zeitzes defaulted on the latter loan, Provident Consumer obtained a judgment against them and initiated execution proceedings against the Hendrix street property with the proviso that the property be sold by the sheriff subject to the mortgage in favor of Public Federal. Handbills containing notice of the sale and of the condition that the property was to be sold "subject to mortgage" were posted at the office of the sheriff and upon the property, as required by Pennsylvania Rule of Civil Procedure 3129(b)(1). Advertisements for the sheriff's sale, which appeared on three separate dates in the Legal Intelligencer, also contained the statement that the property was to be sold subject to the mortgage. The successful bidder at the sheriff's sale of July 12, 1976, offered $18,200 for the property. The successful bidder subsequently assigned his bid to the appellee and the sheriff thereafter conveyed the property to the appellee.

However, at the time of the sale by the sheriff, there existed two other judgments of record against the Zeitzes, both of which were prior in date to the mortgage in favor of appellant and both of which, although they had been paid in full, appeared as unsatisfied of record:

A judgment in the amount of $690.95 in favor of Diner's Club, Inc., dated May 9, 1974, which had been paid on or about February 24, 1975, but was not marked satisfied of record until September 15, 1976.

A judgment in the amount of $600.55 in favor of Kacher, Schnall & Herman, P.C., dated July 28, 1975, which had been paid on or about October 7, 1975, but was not marked satisfied of record until September 20, 1976.

Appellee has refused to meet the obligations of the mortgage as a result of his contention that the two judgments which appeared of record as outstanding at the time of the sheriff's sale discharged the mortgage of appellant as a matter of law.

■■■ It is well established in Pennsylvania that a sheriff's sale of real property discharges *all* liens which are not satisfied of record at the time of sale. *See Liss v. Medary Homes, Inc.,* 388 Pa. 139, 130 A.2d 137 (1957); *Girard Life Insurance Co. v. Farmers' and Mechanics' National Bank,* 57 Pa. 388 (1868); *Silverman v. Keal,* 135 Pa.Super. 568, 7 A.2d 57 (1939). The legislature has provided, however, that, as a general rule, the sale of real property pursuant to a writ of execution does not affect the lien of a mortgage *if* the mortgage is *prior* to all other liens on the property. 42 Pa.C.S. § 8152.[1] Therein lies the significance

---

1. 42 Pa.C.S. § 8152 provides:

 § 8152. Judicial sale as affecting lien of mortgage

 (a) General rule.—Except as otherwise provided in this section, a judicial or other sale of real estate shall not affect the lien of a mortgage thereon, if the lien of the mortgage is or shall be prior to all other liens upon the same property except:

 (1) Other mortgages, ground rents and purchase money due the Commonwealth.

 (2) Taxes, municipal claims and assessments, not at the date of the mortgage duly entered as a lien in the office of the clerk of the court of common pleas.

of the two judgments entered prior in time to the mortgage of appellant and unsatisfied as of record at the time of sheriff's sale. Had the judgments been satisfied as of record on the sale date, the mortgage of appellant would have been preserved by operation of the statute. *See* 42 Pa.C.S. § 8152(a). *See also Liss v. Medary Homes, Inc., supra* 388 Pa. at 144, 130 A.2d at 139–140; *Dauphin Deposit Bank v. Howard O. Stouffer, Inc.,* 285 Pa.Super. 106, 109, 426 A.2d 1164, 1165 (1981). The fact that the judgments had, in fact, been paid is of no consequence; judgments previously paid but not marked satisfied of record do not prevent divesture of the lien of a subsequent mortgage by sheriff's sale. *See Bradley v. Price,* 396 Pa. 234, 235, 152 A.2d 904, 907 (1959); *Warren Pearl Works v. Rappaport,* 303 Pa. 235, 154 A. 587 (1931). *See also Liss v. Medary Homes, Inc., supra* 388 Pa. at 145, 130 A.2d at 140.

Appellant Public Federal Savings & Loan Association concedes that its mortgage was not preserved by operation of statute but contends that its mortgage lien has, nonetheless, been preserved by the common law exception that an execution sale "expressly ... subject to a prior lien" will not discharge the prior lien. *Liss v. Medary Homes, supra,* 388 Pa. at 143, 130 A.2d at 139. *See also Landau v. Western Pennsylvania National Bank,* 445 Pa. 217, 223, 282 A.2d 335, 338 (1971).

■ The Pennsylvania Supreme Court has long recognized that parties are free to agree that a lien, which would

(3) Taxes, municipal claims and assessments whose lien though afterwards accruing has by law priority given it.

**(b) Property of a decedent, etc.**—A judicial sale of the property shall divest the lien of a mortgage to the extent authorized by the court pursuant to the following provisions of Title 20 (relating to decedents, estates and fiduciaries):

Section 3353 (relating to order of court).

Section 3357 (relating to title of purchaser).

**(c) Sale on prior lien.**—A judicial or other sale of real estate in proceedings under a prior judgment or a prior ground rent, or in foreclosure of a prior mortgage, shall discharge a mortgage later in lien.

**(d) Unseated lands.**—Subsection (a) shall not apply to mortgages upon unseated lands or sales of unseated lands for taxes.

otherwise be discharged by operation of law, will survive the execution sale. *Ashmead v. McCarthur,* 67 Pa. 326 (1871). *See also Roberts v. Williams,* 5 Wharton 170 (1840). Where preservation of a lien is a condition of sale, and this is understood by the parties, then the courts have held that the purchaser takes the property subject to the mortgage. *Stackpole v. Glassford,* 16 Sergeant & Rawle 163 (1827).

 The facts of the instant case compel the conclusion that the successful bidder at the sheriff's sale, appellee's assignor, agreed that the sale would not discharge the mortgage of appellant. Notices of sheriff's sale constitute an invitation to submit offers to purchase on the terms stated therein. *Williamson v. Hehl,* 1 Sadler 361, 2 A. 222 (1886). Thus, a bid submitted by a prospective purchaser represents an offer to purchase on the offered terms for a specified sum. *Cf. Hedden v. Lupinsky,* 405 Pa. 609, 612, 176 A.2d 406, 408 (1962). Once an offer to purchase is accepted, the bidder is bound to honor his offer which implicitly includes the conditions set forth in the notice of sale. *See Campbell v. Pittsburgh & Western Railway Co.,* 137 Pa. 574 (1890); *Williamson v. Hehl, supra. See also Muse v. Letterman,* 13 Sergeant & Rawle 167 (1825).

Contrary to the assertions of appellee, the holding of our Supreme Court in *Liss v. Medary Homes, Inc., supra,* does not compel a different conclusion. In *Liss,* a creditor *other* than the execution creditor announced at the time of the sheriff's sale that her mortgage would not be discharged by the sale. Such a unilateral attempt to preserve the lien was held ineffective as a third party creditor has no right to impose a condition upon the terms under which the execution creditor is willing to receive offers of purchase. *Cf. Muse v. Letterman, supra.* Further, since a sale of realty subject to a lien would in all probability produce lower bids than the same property offered free of encumbrances, it seems only logical and fair that the execution creditor, and not any other creditor, should determine whether the sale is to be subject to the lien of another.

Appellee's assignor, by participating in the bid for the property on terms which included the preservation of appellant's lien, agreed to assume the mortgage obligation. *See Muse v. Letterman, supra.* Appellee, therefore, cannot now assert that the lien was discharged by the sheriff's sale.

Order of the court reversed. Case remanded for the entry of judgment in favor of the appellant.

Jurisdiction relinquished.