J-S43003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| KAB LOAN SERVICES, LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| WELLS FARGO BANK N.A. | |
| Appellee | No. 1425 MDA 2015 |

Appeal from the Judgment July 20, 2015
In the Court of Common Pleas of Berks County
Civil Division at No(s): 15-3541

BEFORE:  GANTMAN, P.J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JULY 19, 2016**

Appellant, KAB Loan Services, LLC, appeals from the judgment entered in the Berks County Court of Common Pleas in favor of Appellee, Wells Fargo Bank N.A., in this quiet title action.  We affirm.

In its opinion, the trial court set forth the relevant facts and procedural history of this case as follows:

> The property in question, 2528 Cumberland Avenue, Reading, PA 19606 [("the property")] was formerly owned by Charles N. Buzeleski who executed two separate mortgages on the property with Wachovia Bank [("Wachovia")].  The first mortgage [("senior mortgage")] in the amount of $29,542.00 was executed by Buzeleski on July 27, 2007 and was recorded with the Office of the Recorder of Deeds in Berks County, Pennsylvania on August 17, 2007.  The second mortgage [("junior mortgage")] in the amount of $117,329.00, also executed on July 27, 2007, was recorded in the same office on August 21, 2007, obviously subsequent to the first mortgage.

In October 2013, [Appellee], as successor by merger to Wachovia, filed an *in rem* foreclosure complaint against Buzeleski to enforce the junior mortgage. Judgment was entered in favor of [Appellee] and as a result, [Appellant] purchased the property at a sheriff's sale conducted by the Berks County Sheriff on December 5, 2014. [Appellant] filed an action to quiet title for the property on March 25, 2015 and argument was held for [Appellee's] Motion for Judgment on the Pleadings on July 20, 2015.[1] This [c]ourt issued an order granting [Appellee's] Motion for Judgment [on the Pleadings] that same day. [Appellant] filed a Notice of Appeal on August 19, 2015 and a [Pa.R.A.P. 1925(b)] Concise Statement of Errors Complained of on Appeal on September 10, 2015.

(Trial Court Opinion, filed October 16, 2015, at 2-3).

Appellant raises one issue for our review:

WHETHER THE TRIAL COURT COMMITTED AN ERROR OF LAW, OR ABUSED ITS DISCRETION, WHEN IT GRANTED [APPELLEE'S] MOTION FOR JUDGMENT ON THE PLEADINGS, AND REFUSED TO ALLOW [APPELLANT] THE OPPORTUNITY TO CONDUCT DISCOVERY IN THIS ACTION?

(Appellant's Brief at 4).

Appellant argues there was a factual dispute regarding the order in which Appellee's predecessor-in-interest, Wachovia, intended to record the mortgages. Specifically, Appellant avers Wachovia intended to record the senior mortgage subsequent to the junior mortgage. Appellant contends Appellee foreclosed on the "intended" senior mortgage, which should have resulted in the merger of **both** mortgages with the judgment entered in the

---

[1] Appellee filed a motion for judgment on the pleadings on June 24, 2015.

foreclosure action against the former property owner. Appellant asserts the court should have permitted discovery on the issue of whether the mortgages had been recorded in the wrong order. Appellant concludes the court abused its discretion by granting Appellee's motion for judgment on the pleadings without allowing discovery. We cannot agree.

The applicable scope and standard of review are as follows:

> [A]ppellate review of a trial court's decision to grant or deny judgment on the pleadings is limited to determining whether the trial court committed an error of law or whether there were facts presented which warrant a jury trial. **In conducting this review, we look only to the pleadings and any documents properly attached thereto.** Judgment on the pleadings is proper only where the pleadings evidence that there are no material facts in dispute such that a trial by jury would be unnecessary.
>
> In passing on a challenge to the sustaining of a motion for judgment on the pleadings, our standard of review is limited. We must accept as true all well pleaded statements of fact of the party against whom the motion is granted and consider against him only those facts that he specifically admits. We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise.

***Bowman v. Sunoco, Inc.***, 986 A.2d 883, 886 (Pa.Super. 2009) (emphasis added). Pennsylvania Rule of Civil Procedure 4003.1 provides for the scope of discovery:

> **Rule 4003.1. Scope of Discovery Generally. Opinions and Contentions**
>
> (a) Subject to the provisions of Rules 4003.2 to 4003.5 inclusive and Rule 4011, a party may obtain discovery regarding any matter, not privileged, which is relevant to

the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, content, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

(b)  It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

(c)  Except as otherwise provided by these rules, it is not ground for objection that the information sought involves an opinion or contention that relates to a fact or the application of law to fact.

Pa.R.C.P. No. 4003.1.

Mortgage priority is governed by statute as follows:

### § 622.  Priority according to date of recording

From and after the passage of this act, all mortgages, or defeasible deeds in the nature of mortgages, made or to be made or executed for any lands, tenements, or hereditaments within this Commonwealth, shall have priority according to the date of recording the same, without regard to the time of making or executing such deeds; and it shall be the duty of the recorder to endorse the time upon the mortgages or defeasible deeds, when left for record, and to number the same according to the time they are left for record, and, if two or more are left upon the same day, they shall have priority according to the time they are left at the office for record.  No mortgage, or defeasible deed in the nature of a mortgage, shall be a lien, until such mortgage or defeasible deed shall have been recorded, or left for record, as aforesaid.  Any mortgage, given by purchase to seller, for any part of the purchase money of the land so mortgaged, shall have a lien from the time of delivery of said mortgage, provided the same be recorded within thirty days from the date of the mortgage.

- 4 -

21 P.S. § 622. *See also First Citizens Nat. Bank v. Sherwood*, 583 Pa. 466, 879 A.2d 178 (2005) (stating recording of mortgage serves as constructive notice of mortgage to subsequent purchasers). A judicial sale of an encumbered property affects mortgage liens on the property as follows:

**§ 8152. Judicial sale as affecting lien of mortgage**

**(a)  General Rule.**—Except as otherwise provided in this section, a judicial or other sale of real estate shall not affect the lien of a mortgage thereon, if the lien of the mortgage is or shall be prior to all other liens upon the same property except:

>    (1)   Other mortgages, ground rents and purchase money due the Commonwealth.

>    (2)   Taxes, municipal claims and assessments, not at the date of the mortgage duly entered as a lien in the office of the clerk of the court of common pleas.

>    (3)  Taxes, municipal claims and assessments whose lien though afterwards accruing has by law priority given it.

*    *    *

**(c)   Sale on prior lien.**—A judicial or other sale of real estate in proceedings under a prior ground rent, or in foreclosure of a prior mortgage, shall discharge a mortgage later in lien.

*    *    *

42 Pa.C.S.A. § 8152(a), (c). *See also Public Federal Sav. & Loan Ass'n v. Neumann*, 483 A.2d 505 (Pa.Super. 1984) (stating sale of real property

pursuant to writ of execution does not affect lien of mortgage if mortgage is prior to all other liens on property). Additionally,

> [A] Sheriff's Sale is made without warranty; the purchaser takes all the risk, and the rule of *caveat emptor* applies in all its force. The purchaser at such a sale receives all the right, title, and interest in the property that the judgment debtor held and the rights of the purchaser become fixed when the property is knocked down to the highest bidder. If the debtor had no rights in the property at the time of the sheriff's sale, however, no title passes to the purchaser.

*Irwin Union Nat'l Bank & Trust Co. v. Famous*, 4 A.3d 1099, 1104 (Pa.Super. 2010).

Instantly, Appellant's quiet title complaint is devoid of any allegation that Wachovia intended to record the mortgages in the reverse order. Appellant made that assertion for the first time in its response to Appellee's motion for judgment on the pleadings. Our review of the judgment, however, is limited to the pleadings and the attachments to the pleadings. *See Bowman, supra*. Therefore, Appellant waived its argument on appeal regarding the order in which Wachovia intended to record the mortgages.

Moreover, the court reasoned as follows:

> In the instant case[, Appellant] purchased the property in a sheriff's sale due to [Appellee's] foreclosure action on the junior mortgage alone. [Appellant] claims that through the doctrine of merger, the senior and junior mortgages were merged in the foreclosure action and thus it purchased the property free and clear of any liens. As learned counsel for [Appellee] argued and this [c]ourt agrees, [Appellant's] claim is contrary to the law of mortgages and Pennsylvania law regarding the preservation of senior mortgages after a sheriff's sale on a

junior mortgage. The senior mortgage was neither erased by this sale nor merged with the junior mortgage as a valid foreclosure of a mortgage terminates all interests in the foreclosure real estate that are junior to the mortgage being foreclosed and whose holders are properly joined or notified under applicable law, **it does not terminate interests in the foreclosed real estate that are senior to the mortgage being foreclosed**. Additionally, liens upon real estate, whether prior or subsequent, including any lien on which the sale is made, are divested by judicial sale unless specifically preserved by statute or because of the peculiar character of the lien or encumbrance. 42 Pa.C.S.A. § 8152(a) expressly provides that a judicial or other sale of real estate shall not affect the lien of a mortgage thereon, if the lien of the mortgage is or shall be prior to all other liens upon the same. Priority of mortgages is based on the date of recording, regardless of the date of execution. The senior mortgage, not subject to the foreclosure action, was recorded 4 days prior to the junior mortgage and as the senior mortgage was not the mortgage foreclosed upon and subject to the sheriff's sale, the senior mortgage remains as it is the mortgage recorded first in time.

[Appellant's] claims are also barred by the rule of *caveat emptor* as [Appellant] purchased the property at sheriff's sale, which is a sale made without warranty where the purchaser takes all the risk and the rule of *caveat emptor* applies in all its force. The purchaser at such a sale receives all the right, title, and interest in the property that the judgment debtor held and the rights of the purchaser become fixed when the property is knocked down to the highest bidder. A title search would have uncovered the existence of the first senior mortgage and as the senior mortgage was properly recorded, that recording serves as constructive notice equally as effective to any purchasers as actual notice. There is no dispute that the senior mortgage was recorded first in time. Consequently [Appellant] purchased the property with notice of and subject to the senior mortgage as a matter of law and thus their claim to quiet title fails.

Secondly, this [c]ourt will address [Appellant's] complaint that this [c]ourt did not allow discovery in the action.

> [Appellant] had hoped to prove [its] theory that [Wachovia] intended to record the senior and junior mortgage in reverse order, alleging that a mistake was made in the recording process. This would mean that the mortgage subject to the foreclosure action was originally meant to be the senior mortgage and thus through the doctrine of merger, the senior and junior mortgages were merged in the foreclosure action and thus [Appellant] purchased the property free and clear of any liens. This [c]ourt is not concerned with Wachovia's intentions, however, as the priority of mortgages is based on the date of recording, regardless of the date of execution and nothing in 21 P.S. § 622 allows for the consideration of recording order mistakes or intentions. There is no dispute as to which mortgage was recorded first, the dispute is why they were recorded in that order and therefore any discovery as to Wachovia's intentions on recording order would be irrelevant.

(Trial Court Opinion, filed October 16, 2015, at 3-5) (some internal citations and quotations omitted) (emphasis in original). The record supports the court's analysis. Appellee's foreclosure action on the junior mortgage, which was recorded on August 21, 2007, did not extinguish the senior mortgage that was recorded on August 17, 2007. **See** 42 Pa.C.S.A. § 8152(a); ***Public Federal Sav. & Loan Ass'n, supra***. Appellant cites no law for the proposition that mortgage priority may be determined from a mortgagee's subjective intentions as opposed to recording dates. Thus, discovery on whether Wachovia intended to record the mortgages in a different order would have been irrelevant and unnecessary. **See** 21 P.S. § 622; Pa.R.C.P. No. 4003.1. Therefore, even if Appellant had preserved the issue, no relief would be due. Accordingly, we affirm.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/19/2016