**UNITED STATES of America, Plaintiff,**

v.

**Richard C. PETERSON, individually and t/a Atkinson and Peterson, Loretta J. Peterson, Charles L. Shimer, and Cement National Bank, Defendants.**

Civ. A. No. 30621.

United States District Court
E. D. Pennsylvania.

April 18, 1962.

Drew J. T. O'Keefe, U. S. Atty., Joseph H. Reiter, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

John D. Glase, Sidney D. Kline, Jr., Stevens & Lee, Reading, Pa., for Cement Nat. Bank.

GRIM, Senior Judge.

The question in this case is whether a federal tax lien against Pennsylvania real estate is divested by a judicial sale of the property on the foreclosure of a mortgage recorded after the filing of the federal tax lien. The mortgage was thus junior to the tax lien.[1]

The United States here is seeking to foreclose on the tax lien under 26 U.S.C. § 7403. The defendant bank[2] has moved to dismiss on the contention that the tax lien was divested by the mortgage foreclosure and sheriff's sale thereon and that therefore no federal tax lien remains against the property on which the government can foreclose.

The parties here agree that the sheriff's sale of the property constituted a judicial sale, and that the mortgage foreclosure and sheriff's sale were conducted in full compliance with Pennsylvania law. The general rule of Pennsylvania law is that a judicial sale of real estate divests all liens against the property, both prior and subsequent to the lien on which the judicial sale was held, except such liens as may be preserved by statute.[3] Liss v. Medary Homes, 388 Pa. 139, 130 A.2d 137 (1957), and cases there cited; Ladner on Conveyancing in Pennsylvania, 3d ed. pp. 309, 310. There is no Pennsylvania statute which purports to preserve a federal tax lien at a judicial sale and there appears to be no Pennsylvania case on the question. Consequently, under general Pennsylvania law in reference to the divestiture

---

1. There was a first mortgage against the property ahead of both the tax lien and the second mortgage. Because the lien of the first mortgage was preserved by operation of a Pennsylvania statute (the Act of April 30, 1929, P.L. 874, § 1; 21 P.S. § 651) it is not involved in the problem now before the court.

2. The bank held and foreclosed the second mortgage and purchased the property at the sheriff's sale.

3. This statement is a slight oversimplification, but the variations from it are minor and not applicable in the present case.

of liens at judicial sales, it would appear that a federal tax lien would be divested by a judicial sale of the property regardless of whether the tax lien was senior to or junior to the lien of the encumbrance on which the judicial sale was held.

The problem in the present case (Does a Pennsylvania judicial sale divest a senior federal tax lien?) has not been decided, although the very similar problem of whether a Pennsylvania judicial sale divests a junior federal tax lien has been decided very authoritatively. See United States v. Cless, 254 F.2d 590 (3d Cir. 1958); United States v. Brosnan, 363 U.S. 237, 80 S.Ct. 1108, 4 L.Ed.2d 1192 (1960); 264 F.2d 762 (3d Cir. 1959); 164 F.Supp. 357 (W.D.Pa.1958). In both the Cless and the Brosnan cases the courts decided that the junior federal tax lien was divested. In the opinions in these cases the courts were always careful to describe the federal tax lien as junior, as though the fact that it was junior was significant on the question of divestiture. The opinions did not attempt, however, to explain the significance of the junior position of the federal tax lien with reference to the lien foreclosed even though under Pennsylvania law all liens both junior and senior to the lien foreclosed are divested.[4] The problem of divestiture of all liens, junior and senior, was referred to in broad language in the Supreme Court's opinion in the Brosnan case, when it said, 363 U.S. pp. 241, 242, 80 S.Ct. p. 1111:

> "We nevertheless believe it desirable to adopt as federal law state law governing divestiture of federal tax liens, except to the extent that Congress may have entered the field. It is true that such liens form part of the machinery for the collection of federal taxes, the objective of which is 'uniformity, as far as may be.' [citation] However, when Congress resorted to the use of liens, it came into an area of complex property relationships long since settled and regulated by state law. We be-

lieve that, so far as this Court is concerned, the need for uniformity in this instance is outweighed by the severe dislocation to local property relationships which would result from our disregarding state procedures."

The facts of the Brosnan case are almost identical with the facts of the present case, except that the federal tax lien in Brosnan was junior (later in time) to the lien on which the judicial sale was held, while in the present case the federal tax lien was senior (earlier in time) to the lien on which the judicial sale was held, so, following the words of the Supreme Court in Brosnan, "state law governing divestiture of federal tax liens [applies] except to the extent that Congress may have entered the field."

Congress has entered the field. Section 2410 of Title 28 U.S.C. provides that the United States may be named as a party in any action for the foreclosure of a mortgage or other lien on any property on which the United States has or claims a lien. Subsection (c) of § 2410 provides that in an action under this section to foreclose a lien on a property on which the United States has a lien.

> "A sale to satisfy a lien inferior to one of the United States, shall be made subject to and without disturbing the lien of the United States, unless the United States consents that the property may be sold free of its lien and the proceeds divided as the parties may be entitled."

█ The situation might therefore seem to be that under the general law of Pennsylvania as to divestiture of liens at judicial sales, a sale on a lien senior or junior to a federal tax lien divests that lien unless the lienholder follows the procedure set forth in 28 U.S.C. § 2410, in which case federal liens are divested only if inferior to the lien foreclosed. While the Brosnan case, which is almost entirely an interpretation of § 2410, indicates that although state substantive law as to divestiture of liens will be followed, it

4. See footnote 3.

also says significantly that "the need for uniformity in this instance is outweighed by the severe dislocation to local property relationships which would result from our disregarding state procedures." A careful reading of the majority and minority opinions in the Brosnan case indicates, as does the just-quoted section of the opinion, that the principal problem in Brosnan was one of procedure in lien foreclosures against property on which the United States also has a lien. The Supreme Court decided in Brosnan that the use of § 2410 by a private lienholder is permissive rather than compulsory, although a minority of the court considered the use of § 2410 compulsory. The principal problem before the courts in Brosnan was a procedural one. In the light of this fact, it seems to me that the Supreme's Court's statement as to the law of divestiture of liens in Pennsylvania was made with respect to the procedural problem before it, and that the Court decided nothing more than the procedural problem by its quoted statement. The Court had no intention of saying that Pennsylvania law must be followed to the point that foreclosure of a lien junior to a federal tax lien acts to divest the federal lien. It seems to me that the policy of protecting federal tax liens as set forth in § 2410(c) must be followed and that in the present case the senior federal tax lien has not been divested even though the foreclosing mortgage holder in the present case did not name the United States as a party and thereby disregarded the procedures set forth in § 2410.

I recognize that this result may shock real estate lawyers and title searchers steeped in the old and firmly established principle of Pennsylvania law that a judicial sale divests real estate of all other liens on it except those preserved by statute. However, a contrary result would be even more shocking. It would put in the hands of a foreclosing lienholder the power to determine whether or not a senior federal tax lien is to be divested, depending on whether or not the United States is joined as a party. If the United States is joined as a party, as provided under § 2410, the senior federal tax lien would not be divested. If the United States is not joined, the federal lien under Pennsylvania law (as distinguished from federal substantive law) would be divested.[5] Although this is a type of problem which Congress rather than the courts should deal with, it seems unwise to give to lienholders a power, perhaps capriciously, to divest federal liens, depending on whether or not they name the United States as a party to the foreclosure proceedings.

It might be pointed out here also that under Pennsylvania procedural law in reference to lien foreclosures against real estate there is no requirement of personal notice to other lienholders, including the United States.[6] When a lien against Pennsylvania real estate is foreclosed the only required notice is by handbills posted on the premises and in the Sheriff's office, and by publication in a newspaper of general circulation and the local legal periodical.[7] Thus the United States authorities charged with collecting taxes might find that their valuable senior lien for taxes has been divested by the use of Pennsylvania procedure without their knowing anything about the judicial sale, and without giving them the usual opportunity of a senior lienholder to attend the judicial sale to bid enough to make sure that the proceeds of the sale will be ample to pay the amount of taxes owing to the United States.

The motion of defendant Cement National Bank to dismiss is denied.

---

5. It makes poor sense that the rights of the United States should be less when it is not joined as a party than when it is.

6. Here Pennsylvania procedural law differs from the requirements under § 2410.

7. Pa.R.C.P. No. 3120, 12 P.S.Appendix.