BART L. CLEARY AND WIFE, CINDY CLEARY v. GORDON F. LEDEN AND WIFE, BARBARA S. LEDEN AND T. S. ROYSTER, JR.

No. 879SC659

(Filed 15 March 1988)

**Partition § 9— distribution of proceeds—consideration of parties' debts—distribution proper**

    The trial court properly and equitably distributed partition sale proceeds where its method of distribution—adding the parties' debts to the bid price, subtracting expenses, dividing the proceeds into the proportions owned by the parties, and subtracting the parties' debts—took into account the variation between the percentage of ownership and the percentage of total indebtedness of the parties, and the actual net distribution correctly reflected both parties' net share of equity in the property.

APPEAL by petitioners from *Herring, Judge.* Judgment entered 2 May 1987 in Superior Court, GRANVILLE County. Heard in the Court of Appeals 4 January 1988.

On 18 July 1986, petitioners Bart and Cindy Cleary filed a Petition for Sale for Partition to sell an office building in Oxford, North Carolina. Petitioners owned a two-thirds undivided interest in the building for which they owed $60,167.12 on a purchase

money deed of trust. Petitioners owned their two-thirds interest as tenants in common with respondents Gordon and Barbara Leden. Respondents owned a one-third undivided interest in the building and owed $14,871.11 on their interest. T. S. Royster, Jr. was joined in the proceeding as trustee under the separate deeds of trust of the individual parties.

On 12 August 1986, the Clerk of Superior Court of Granville County appointed John H. Pike and James E. Cross, Jr. as commissioners to sell the building at auction to the highest bidder after advertising the sale as provided by law. The commissioners published a Notice of Sale which provided that the sale was subject to all liens and encumbrances of record. The building was first auctioned on 12 September 1986 and commissioner Cross announced that the sale was subject to existing liens and encumbrances. Petitioners bid $80,000.00 but their bid was upset by respondent Gordon Leden and an Order of Resale was issued.

On 3 October 1986, Gordon Leden was the last and highest bidder for the property, bidding the sum of $138,000.00. On 20 October 1986, the Clerk of Superior Court signed an Order of Confirmation approving and confirming the sale. On 5 December 1986, the Clerk of Superior Court entered an Order which adjusted each of the parties' indebtedness in order to determine the net distribution of the sale proceeds. Under the Order, petitioners' net distribution was $76,674.23 and respondents' net distribution was $53,549.57. Petitioners owned a two-thirds (66.67%) interest in the building but held 80.18% of the total debt. Thus, their percentage of indebtedness exceeded their proportionate share in the building. The adjustment took into account the fact that petitioners' share of debt was 13.51% more than their proportionate share of ownership in the building.

Petitioners appealed the Order and the case was heard before Judge Herring on 13 April 1987. On 2 May 1987, the trial court entered judgment which confirmed and ratified the Clerk's 5 December Order. From the judgment of the trial court, petitioners appeal.

*John H. Pike for petitioner appellants.*

*Royster, Royster & Cross, by James E. Cross, Jr., for respondent appellees.*

ARNOLD, Judge.

Petitioners make three assignments of error, all of which essentially contend that the trial court erred in making adjustments reflecting the respective parties' indebtedness in order to determine the net distribution of sale proceeds. We are not persuaded by petitioners' arguments.

Proceedings for partition are equitable in nature. *Roberts v. Barlowe*, 260 N.C. 239, 132 S.E. 2d 483 (1963). A sale for partition may be ordered and the rights of the parties adjusted from the proceeds of the sale. *Id.*

The method used by the trial court to determine the net distribution of sale proceeds was as follows:

| | |
|---|---:|
| Bid Price | $138,000.00 |
| Sold Subject to following Debts: | |
|     Ledens | 14,871.11 |
|     Clearys | 60,167.12 |
| Gross Sale Price | 213,038.23 |
| Less Expenses | 7,776.20 |
| Gross for Distribution | 205,262.03 |
| ⅓ Gross to Ledens | 68,420.68 |
| Less Ledens' Debt | 14,871.11 |
| Net Distribution | 53,549.57 |
| ⅔ Gross to Clearys | 136,841.35 |
| Less Clearys' Debt | 60,167.12 |
| Net Distribution | 76,674.23 |

Petitioners urge that the following method be used to determine the net distribution of sale proceeds because the sale was a "subject to" sale:

| | |
|---|---:|
| Bid Price | $138,000.00 |
| Less Expenses | 7,776.20 |
| Gross for Distribution | 130,223.80 |
| ⅓ Gross to Ledens—Net Distribution | 43,407.93 |
| ⅔ Gross to Clearys—Net Distribution | 86,815.87 |

We first note that a "subject to" sale means that the purchaser takes the property along with the existing liens and encum-

brances against it. *See Jordan v. Faulkner*, 168 N.C. 466, 84 S.E. 2d 764 (1915). This fact, however, is irrelevant to the distribution of sale proceeds between the sellers in the present case.

Under petitioners' method, they would receive $10,141.64 more than they received under the trial court's method. Petitioners' proposed method fails to take into account the disparity of debt percentage between the parties. It also provides petitioners with a windfall at the expense of respondents.

The method used by the trial court took into account the variation between the percentage of ownership and the percentage of total indebtedness of the parties. The actual net distribution correctly reflects both parties' share of equity in the property. The trial court properly and equitably distributed the sale proceeds.

The judgment of the trial court is

Affirmed.

Judges WELLS and SMITH concur.