Shirley I. MOEN, Plaintiff and Appellant,

v.

Mike D. MOEN, a/k/a Michael D. Moen, Defendant and Appellee.

Civ. No. 930334.

Supreme Court of North Dakota.

June 28, 1994.

equitable lien on Robert Moen's partnership interest in Moen Enterprises. After Robert failed to make a required payment, Shirley foreclosed on his partnership interest. The trial court ordered Robert's partnership interest sold at a sheriff's sale, with Shirley's lien on the partnership interest to continue to secure future payments not yet due. Michael Moen, Robert's brother and partner, purchased Robert's interest. When Robert failed to make required installment payments, Shirley began this action against Michael, seeking to again foreclose on Robert's partnership interest. The trial court, another judge, dismissed Shirley's action against Michael, concluding Shirley's equitable lien was extinguished upon the sale of the property to Michael.

We reverse and remand, holding Shirley's lien survived the judicial sale.

## I

Shirley Moen and Robert Moen divorced in August 1990. Under the divorce judgment, Robert was ordered to pay Shirley $30,000 as a property settlement in five annual installments of $6,000 each, beginning October 1, 1990. To secure payment of the $30,000, the trial court imposed a lien on Robert's personal property including his partnership interest in Moen Enterprises, a farming operation.

Robert failed to make the first installment payment on October 1, 1990. Shirley petitioned the court for a charging order against Robert's partnership interest in Moen Enterprises. The trial court ordered Robert's partnership interest charged $6,000 plus interest and, in the event of non-payment, Robert's partnership interest sold to satisfy the first installment payment. The trial court's order specified the lien on Robert's interest in Moen Enterprises was to remain in effect until the entire $30,000 judgment was paid.

The partnership did not pay the amount charged and Robert's interest in Moen Enterprises was sold at a sheriff's sale to Robert's partner and brother, Michael D. Moen, for $6,636.23.

After Robert failed to make the annual installment payments due October 1, 1991, and October 1, 1992, Shirley moved to fore-

Patrick W. Fisher of McConn, Fisher, Olson & Daley, Grand Forks, for plaintiff and appellant, submitted on brief.

Kip M. Kaler of Kaler Law Office, Fargo, for defendant and appellee, submitted on brief.

SANDSTROM, Justice.

Shirley Moen appeals from a summary judgment dismissing her lien-foreclosure action. A divorce judgment granted Shirley an

close the lien on the one-half interest of the partnership purchased by Michael at the sheriff's sale. The trial court granted summary judgment in favor of Michael, concluding the lien on Robert's partnership interest was extinguished when the interest was foreclosed and sold.

Shirley appeals. This Court has jurisdiction under Art. VI, § 6, N.D. Const., and N.D.C.C. § 28–27–02. The appeal is timely under Rule 4(a), N.D.R.App.P.

## II

■ Under Rule 56, N.D.R.Civ.P., summary judgment is appropriate only if there are no issues of material fact or any conflicting inferences to be drawn from those facts, and a party is entitled to judgment as a matter of law. *Ellingson v. Knudson*, 498 N.W.2d 814, 817 (N.D.1993). A trial court's decision on a motion for summary judgment is a conclusion of law and is fully reviewable on appeal. *See Maragos v. Norwest Bank Minnesota, N.A.*, 507 N.W.2d 562, 565 (N.D. 1993).

## III

### A

A trial court's authority to enforce a divorce property settlement by requiring a party to provide security is set forth in N.D.C.C. § 14–05–25:

> "The court may require either party to give reasonable security for providing maintenance or making any payments required under the provisions of this chapter and may enforce the same by appointment of a receiver or by any other remedy applicable to the case."

■ In fashioning a remedy under N.D.C.C. § 14–05–25, a trial court has broad equitable powers, including the power to impose an equitable lien on the debtor spouse's property.

> " 'A court of equity may give restitution to the plaintiff and prevent the unjust enrichment of the defendant not only by imposing a constructive trust and compelling the surrender to the plaintiff of property held by the defendant . . ., but also by imposing

an equitable lien upon the property in favor of the plaintiff. . . .' "

*Martian v. Martian*, 399 N.W.2d 849, 852 (N.D.1987) (quoting *Restatement of Restitution* § 161 Comment a and b (1937)). In this case, to enforce the divorce judgment, the trial court granted Shirley an equitable lien on all of Robert's personal property, including his partnership interest in Moen Enterprises. When Robert failed to make the first required installment payment, foreclosure on Robert's interest in Moen Enterprises was an appropriate remedy. *Martian* at 853.

■ "A partner's right in specific partnership property is not subject to attachment or execution, except on a claim against the partnership." N.D.C.C. § 45–08–02(2)(c). Although a judgment creditor of an individual partner cannot attach the debtor partner's interest in specific partnership assets, the creditor can attach the debtor partner's undivided partnership interest by obtaining a charging order against the partnership. N.D.C.C. § 45–08–05(1) provides:

> "On due application to a competent court by any judgment creditor of a partner, the court which entered the judgment, order, or decree, or any other court, may charge the interest of the debtor partner with payment of the unsatisfied amount of such judgment debt with interest thereon; and may then or later appoint a receiver of his share of the profits, and of any other money due or to fall due to him in respect of the partnership, and make all other orders, directions, accounts and inquires which the debtor partner might have made, or which the circumstances of the case may require."

■ Shirley petitioned the trial court for a charging order against Robert's interest in Moen Enterprises. When the partnership failed to pay the $6,000 installment payment, execution against Robert's partnership interest was appropriate. *See* 59A AmJur2d, *Partnership* § 793 (a charging order against a debtor partner's interest in a partnership may authorize the judicial sale of the charged interest).

## B

The charging order provided Shirley's "lien upon [Robert's] interest in Moen Enterprises as provided in the Judgment and Decree ... shall remain in effect until the $30,-000 Judgment is satisfied." In Shirley's foreclosure action against Michael, the trial court concluded, however, that Shirley's lien could not survive a sheriff's sale.

"However, once Shirley foreclosed her lien, her lien is extinguished, and the purchaser takes the personal property not subject to any continuing lien.

\*     \*     \*     \*     \*     \*

"The Court has done considerable research into the area of liens and 'foreclosures' on such liens on personal property; and the rationale of NDCC 14–05–25 which provides for security for domestic relations payments. In attempting to harmonize the two, the above stated conclusion seems to be the most rational."·

The trial court wrongly concluded the sheriff's sale extinguished Shirley's lien.

In enforcing a divorce property settlement, a trial court has broad equitable powers under N.D.C.C. § 14–05–25 to fashion a "remedy applicable to the case." *Strankowski v. Strankowski*, 447 N.W.2d 323, 325 .(N.D. 1989). *See also* N.D.C.C. § 27–05–06(3) (District courts of this state are vested with "[a]ll the powers, according to the usages of court's of law and equity, necessary ... to carrying into effect their judgments, orders, and other determinations...."). 

■ A trial court's equitable powers are, however, limited by statute. "In this state there is no common law in any case where the law is declared by the code." N.D.C.C. § 1–01–06. As this Court explained in *Burr v. Trinity Medical Center*, 492 N.W.2d 904, 908 (N.D.1992):

"[I]t would be inappropriate for district courts to haphazardly fashion equitable remedies with no deference to codified law. Instead, district courts should tread carefully when entering the realm of equitable remedies, fashioning them only when directed to do so by statutes and court rules, when there is no adequate legal remedy, or

when the equitable remedy is better adjusted to render complete justice."

In this case, the trial court exercised its broad equitable powers to fashion an equitable remedy to protect Shirley's property award. Because Robert's remaining debt to Shirley was due over a four-year period, the court ordered Shirley's lien on Robert's partnership interest continue until Shirley was paid in full. By imposing a continuing lien, the court secured each of the remaining installment payments. The court's order is equivalent to four separate liens of $6,000 each.

■ A sheriff's sale generally discharges all liens on the property sold unless the sale is expressly made subject to a prior lien or unless it is provided otherwise by statute. *Liss v. Medary Homes*, 388 Pa. 139, 130 A.2d 137, 139 (1957). *See also Public Federal Sav. & Loan Ass'n v. Neumann*, 334 Pa.Super. 389, 483 A.2d 505, 508 (1984) (where continuation of a lien is a condition of sale, and this is understood by the parties, then the purchaser takes the property subject to the lien); *Kulm Credit Union v. Harter*, 157 N.W.2d 700, 705 (N.D.1968) (purchaser of land at sheriff's execution sale takes property free from any subsequent liens, but subject to prior rights and liens).

■ Michael has not directed us to any statute limiting the trial court's ability to secure future installment payments by continuing a lien beyond a sheriff's sale, and we find none. N.D.C.C. § 35–01–20 provides in part:

"The sale of any property in satisfaction of a lien, or in case of personal property, the wrongful conversion thereof by the person holding the lien, extinguishes the lien thereon."

In this case, however, the sale of the property did not satisfy the court imposed equitable lien. Although the sale satisfied the first installment payment, Shirley was still owed money for future payments. Because the sale did not "satisfy" the entire lien, and the sale was specifically made subject to the remaining lien, the lien was not extinguished under N.D.C.C. § 35–01–20.

We conclude the trial court's charging order created a continuing lien that survived the sheriff's sale.

## IV

Michael contends that if the lien survived the sheriff's sale, he is entitled to rescind his purchase of Robert's partnership interest due to a mistake of fact and law. Michael claims he believed he was purchasing Robert's partnership interest free of Shirley's lien, and a question of fact exists as to whether he is entitled to rescission of the sheriff's sale.

Generally, a unilateral mistake of law by the purchaser at a foreclosure sale does not entitle the purchaser to set aside the sale. *Farmers Sav. Bank, Joice v. Gerhart*, 372 N.W.2d 238, 243 (Iowa 1985). The doctrine of caveat emptor applies to execution sales. *Moore v. Lium*, 80 N.W.2d 657, 659 (N.D.1957).

> " 'Except where fraud intervenes, the rule is well settled that the doctrine of caveat emptor applies to execution sales, and that purchasers thereat must take notice of the title for which they bid; thus there is no implied warranty of title.' "

*Moore*, (quoting 33 C.J.S., *Executions*, § 287, pp. 570–71.) In some situations, however, a sheriff's sale may be set aside because of mistakes of fact or law. *Gerhart*.

> "The doctrine of caveat emptor is generally held to be inapplicable where the foreclosure sale is void, ... It does not apply where the purchaser, without negligence on his own part, has been misled by material mistake or fraud, as where he can show that he was induced to make the purchase by fraudulent concealments or misrepresentations of the creditor, or persons making the sale, as to the condition of the title, and that he did not discover, and could not have discovered with due diligence, the true condition of the title until after the completion of the sale."

55 AmJur2d, *Mortgages*, § 781, p. 695–96; see *Gerhart*.

Michael claims the language used in the notice of execution sale and the sheriff's certificate of sale is ambiguous. The notice of execution sale provides, in part:

> "The property to be sold as aforesaid is the 50% ownership interest of Robert J. Moen in the partnership known as Moen Enterprises. *The interest sold will be sold subject to the lien* of the Plaintiff as provided in the aforesaid judgment." (Emphasis added.)

The sheriff's certificate of sale provides in part:

> "Pursuant to such Charging Order, the amount charged having not been paid within ninety days after the date of the Charging Order, after due and legal notice, according to law ... I [Dan Hill, Sheriff of the County of Grand Forks] duly sold all of the right, title and interest of Robert J. Moen in such personal property at public auction to Mike D. Moen, ... The property sold was the 50% ownership interest of Robert J. Moen in the partnership known as Moen Enterprises. *The interest sold was sold subject to the lien of the Plaintiff* as provided in the Judgment entered in the above-entitled action on August 24, 1990." (Emphasis added.)

Michael claims the language used in the notice of sale and sheriff's certificate can be interpreted to mean Robert's partnership interest was sold *because* of Shirley's lien, rather than sold *subject* to Shirley's lien. Michael's interpretation is not persuasive. "Subject to" means " 'liable, subordinate, subservient, inferior, obedient to.' " *Chandler v. Hjelle*, 126 N.W.2d 141, 147 (N.D. 1964) (quoting Black's Law Dictionary, 4th ed. 1964). "Subject to" does not mean "because of."

Based on the clear language used, we find no ambiguity in the notice of execution sale and the sheriff's certificate of sale. Both documents clearly state Robert's partnership interest was being sold subject to Shirley's lien. We conclude Michael was on proper notice he was buying Robert's interest subject to Shirley's continuing lien. *See Cleary v. Leden*, 89 N.C.App. 338, 365 S.E.2d 903, 905 (1988) (purchaser who buys property "subject to" liens and encumbrances takes the property along with the existing liens and encumbrances).

V

The trial court's summary judgment is reversed and this case is remanded for further proceedings.

VANDE WALLE, C.J., and NEUMANN, LEVINE and MESCHKE, JJ., concur.